| | |
|---|---|
| RICH MICHAELSON MAGALIFF, LLP<br>335 Madison Avenue, 9th Floor<br>New York, NY 10017<br>646.453.7851<br>Robert N. Michaelson | Return Date and Time:<br>November 16, 2018 at 10:00 AM |

*Attorneys for Plaintiff The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                                          :
                                                                :   Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                                :
COMPANY, INC., *et al.*                                         :   Case No. 15-23007 (RDD)
                                                                :
                    Debtors.                                    :
                                                                :
---------------------------------------------------------------x
The Official Committee of Unsecured Creditors on                :
behalf of the bankruptcy estate of THE GREAT                    :
ATLANTIC & PACIFIC TEA COMPANY, INC.,                           :
*et al.*                                                        :   Adv. Proc. No. 17-08264 (RDD)
                    Plaintiff,                                  :
                                                                :
            v.                                                  :
                                                                :
McKESSON CORPORATION,                                           :
                                                                :
                    Defendant.                                  :
---------------------------------------------------------------x
The Official Committee of Unsecured Creditors on                :
behalf of the bankruptcy estate of THE GREAT                    :
ATLANTIC & PACIFIC TEA COMPANY, INC.,                           :
*et al.*                                                        :   Adv. Proc. No. 17-08265 (RDD)
                    Plaintiff,                                  :
                                                                :
            v.                                                  :
                                                                :
McKESSON PHARMACY SYSTEMS LLC,                                  :
                                                                :
                    Defendant.                                  :
---------------------------------------------------------------x

{00021626v2 }

```
-----------------------------------------------------------------x
The Official Committee of Unsecured Creditors on     :
behalf of the bankruptcy estate of THE GREAT         :
ATLANTIC & PACIFIC TEA COMPANY, INC.,                :
et al.                                               :    Adv. Proc. No. 17-08266 (RDD)
                            Plaintiff,               :
                                                     :
            v.                                       :
                                                     :
McKESSON SPECIALTY DISTRIBUTION LLC,                 :
                                                     :
                            Defendant.               :
-----------------------------------------------------------------x
```

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO COMPEL MEDIATION PURSUANT TO PARAGRAPH 1.1 OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK'S MEDIATION PROCEDURES**

The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate (the "Estate") of the Great Atlantic & Pacific Tea Company, Inc. ("A&P"), by its undersigned counsel, replies to Defendants McKesson Corporation, McKesson Pharmacy Systems LLC and McKesson Specialty Distribution LLS's (together, "McKesson") Opposition to Plaintiff's Motion to Compel Mediation (the "Mediation Motion") Pursuant to Paragraph 1.1 of the United States Bankruptcy Court for the Southern District of New York's Mediation Procedures (the "Opposition") and represents as follows:

1. The only relief properly before this Court is A&P's request for this Court to compel mediation in the above-captioned chapter 5 avoidance actions (the "Avoidance Actions").[1] A&P maintains that the *prima facie* claims set forth in the Avoidance Actions are

---

[1] This Court should disregard McKesson's request in its Opposition for this Court to take certain actions in the instant Avoidance Actions. For instance and for clarification, there is no summary judgment motion pending before this Court as suggested by McKesson at page 3 of its Opposition. Despite McKesson's request, this Court cannot set down any hearing for non-existent motion papers for a motion that this Court never authorized McKesson to make in the first place. Further, McKesson's request for a case status conference concerning A&P's bankruptcy as a whole is inappropriately raised in opposition to A&P's Mediation Motion. McKesson is well aware that such a request goes beyond the scope of these Avoidance Actions and well beyond the scope of Rich Michaelson Magaliff, LLP's retention. As discussed in more detail in A&P's reply, A&P takes the position that such a request is merely a

{00021626v2 }                                              2

ripe for mediation. In its Opposition, McKesson has not proffered any good faith argument to dispute this. Rather, the Opposition underscores the very need for mediation here.

2. At the outset, no party claims that mediation is premature.

3. Rather, the Opposition evades the substance of the Mediation Motion by asserting disingenuous, misleading, and irrelevant arguments, all demonstrating the bad faith of McKesson that prompted the Meditation Motion in the first instance.

4. McKesson's disingenuous and irrelevant arguments are expressed in its feigned concern for the administrative insolvency of the A&P Estate which it somehow concludes is a basis to avoid any consideration of the Avoidance Actions, either judicially or through negotiation or mediation. Curiously, McKesson remained silent and did not raise any concern about administrative insolvency in the context of the Avoidance Actions until it was confronted with the Mediation Motion, more than a year after the Avoidance Actions were commenced.

5. Whether the A&P Estate is administratively insolvent is not relevant to the merits of the Avoidance Actions. That manufactured concern is merely a diversionary tactic employed by McKesson to try to avoid any consideration of those merits.

6. The Opposition is also misleading. Without offering any supporting evidence, McKesson's characterization of the alleged circumstances surrounding McKesson's July 2, 2015 decision to unilaterally alter its credit terms with A&P - suggesting that this decision was made with A&P's consent - is totally and completely baseless. A&P never gave any such consent. A&P is confident that as the parties continue to engage in discovery, like the taking of depositions (and A&P has already noticed several McKesson witnesses), such discovery will further demonstrate that, in fact, this decision was foisted upon A&P by McKesson no prior

---

calculated attempt to divert this Court's attention from the fact that McKesson has no good faith basis not to try and mediate a resolution to the Avoidance Actions.

{00021626v2 }    3

warning. This is critical because, as McKesson's counsel must know, whether that decision was unilateral or consensual is essential to determining if McKesson has a contemporaneous exchange defense under 11 U.S.C. § 547(c)(1)(A).

7. The Opposition is further misleading when it alleges that certain transfers are indisputably protected by the ordinary course of business defense of 11 U.S.C. § 547(c)(2). McKesson's characterization of those transfers as being protected by the ordinary course of business defense cannot be established based on its own naked assertion that the parties consistently adhered to established and ordinary business terms and to do so is meaningless and self-serving.

8. Finally, the Opposition is misleading when it suggests that McKesson has an applicable and calculable new value defense under 11 U.S.C. § 547(c)(4). Though it lacks specificity on this point, the Opposition appears to argue for an interpretation of that defense that only a limited number of Federal Judicial Circuits, but not the Second Circuit, have adopted as controlling. McKesson's counsel must know that its interpretation of the new value defense is not settled law and, therefore, not susceptible to summary judgment.

9. Considering that the parties take different positions as to whether credit term changes were consensual, whether certain transfers are protected by the ordinary course of business defense of 11 U.S.C. § 547(c)(2) or whether McKesson has an applicable and calculable new value defense under 11 U.S.C. § 547(c)(4), and considering that witness depositions have not yet been conducted despite A&P's demand for same, this Court has more than enough reason to disregard McKesson's assertion that this matter is susceptible to summary judgment and, therefore, not appropriate for mediation.

10. Actually, the arguments presented in the Opposition further bolsters A&P's initial representation to this Court that the parties know the circumscribed legal and factual issues presented in each of the Avoidance Actions. Again, as no party has claimed that mediation is premature, this matter is more than ripe for mediation.

11. With respect to the question of bad faith, McKesson's extreme conduct throughout the course of the litigation of the Avoidance Actions, as evidenced by its own words and arguments in the Opposition, demonstrates the bad faith that was the reason the Mediation Motion was filed and should be granted.

12. Since the commencement of the Avoidance Actions more than a year ago, A&P has made numerous documented requests to McKesson's counsel to either negotiate or mediate. In every instance, those requests have been ignored or rejected. McKesson's counsel has also ignored a written request to discuss terms for a scheduling order in these matters. Moreover, the Opposition boldly states at paragraph 13 that McKesson has no interest in negotiation or mediation. It is submitted that this is demonstrable evidence of bad faith.

**WHEREFORE,** A&P requests entry of an order granting the Mediation Motion and providing for such other relief as is just.

Dated:  November 14, 2018

RICH MICHAELSON MAGALIFF, LLP
*Counsel for Plaintiff The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,*

By:  *Robert N. Michaelson*
       Robert N. Michaelson
335 Madison Avenue, 9th Floor
New York, New York 10017
646.453.7851
rmichaelson@r3mlaw.com