Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Robert N. Michaelson

*Attorneys for Plaintiff The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Chapter 11 |
| | Case No. 15-23007 (RDD) |
| Debtors. | |

---------------------------------------------------------------x

| | |
|---|---|
| The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | |
| Plaintiff, | Adv. Proc. No. 17-08264 (RDD) |
| v. | |
| McKESSON CORPORATION, | |
| Defendant. | |

---------------------------------------------------------------x

### PLAINTIFF'S EX-PARTE MOTION FOR ENTRY OF AN ORDER SEALING CERTAIN EXHIBITS TO DECLARATIONS IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, The Official Committee of Unsecured Creditors (the "Committee") on behalf

of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., *et al*. (the

"Debtors") hereby submits this ex-parte motion (the "Seal Motion") for the entry of an order,

substantially in the form attached hereto as Exhibit B (the "Proposed Order") pursuant to §

107(b) of Title 11 of the United States Code, 11 §§ 101-1532 (the "Bankruptcy Code"), Rule

{00025453v1 }

9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9018-1 and 9077-1(b) of the Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rules") authorizing the Committee to file under seal Exhibit H ("Exhibit H") copy of which is annexed hereto as Exhibit A, to the Declaration of Dawn DeVito in support of the Committee's response to the motion (the "Motion") of McKesson Corporation ("McKesson") for summary judgment pursuant Bankruptcy Rule 7056 dated May 1, 2019, and respectfully represents as follows:

## BACKGROUND

1.      The Committee commenced the above-captioned adversary proceeding against McKesson on July 13, 2017, seeking, pursuant to Bankruptcy Code §§ 547 and 550, avoidance and recovery of preferential transfers from the Debtors to McKesson.  The Motion seeks summary judgment on all counts asserted in the Committee's complaint.  The Motion is scheduled for hearing on September 16, 2019, and responsive papers are due on September 9, 2019.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated December 1, 2016.

3.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BASIS FOR RELIEF

4.      Bankruptcy Code § 107(b) of the enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information.

> On the request of a party in interest, the bankruptcy court shall on the bankruptcy court's own motion, the bankruptcy court may . . . protect an

> entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

1.    Bankruptcy Rule 9018 provides the procedures by which a party may seek relief under Bankruptcy Code § 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

2.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under Bankruptcy Code § 107(b), and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate of any entity in respect of a trade secret or other confidential research, development, or commercial information…." Fed. R. Bankr. P. 9018.

3.    Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code § 107(b) does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in § 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27.

4.    Based an assertion made by McKesson in its Motion that Exhibit H, a supply agreement and extension agreement (the "<u>Supply Agreement</u>") between McKesson and the

Debtors, contains confidential business information, Exhibit H arguably satisfies at least one of the categories in § 107(b). Confidential commercial information is defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27. Based on this assertion confidentiality, McKesson provided a redacted version of the Supply Agreement with its Motion. The Committee does not necessarily agree that the Supply Agreement contains confidential commercial information and believes that the Court will need to see a full un-redacted version of the Supply Agreement in order to properly rule on the Motion. Accordingly, the Committee now seeks authority to file Exhibit H, an un-redacted copy of the Supply Agreement under seal in support of its opposition to the Motion.

## NOTICE

5. No notice of this Motion has been provided to any person or party in interest as allowed for under BankruptcyCode § 107(b).

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Committee respectfully requests that the Court (i) enter the Proposed Order which is annexed hereto as Exhibit B and (ii) grant such other and further relief as may be just and proper.

Dated:  September 6, 2019RICH MICHAELSON MAGALIFF, LLP
*Counsel for Plaintiff* The Official Committee of Unsecured
Creditors on behalf of the bankruptcy estate of THE
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,

By: /s/ *Robert N. Michaelson*_____
Robert N. Michaelson
335 Madison Avenue, 9th Floor
New York, New York 10017
646.453.7851
rmichaelson@r3mlaw.com

# **EXHIBIT A**

## **Exhibit H – Supply Agreement**

(This document has been provided to the chambers.)

## EXHIBIT B

**Proposed Order**

{00025453v1 }

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re:                                                                                  :
                                                                                             :     Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                          :
COMPANY, INC., *et al.*                                              :     Case No. 15-23007 (RDD)
                                                                                             :
                                    Debtors.                                  :
                                                                                             :
------------------------------------------------------------------x
The Official Committee of Unsecured Creditors on   :
behalf of the bankruptcy estate of THE GREAT           :
ATLANTIC & PACIFIC TEA COMPANY, INC.,         :
*et al.*                                                                                :     Adv. Proc. No. 17-08264 (RDD)
                                    Plaintiff,                               :
                                                                                             :
            v.                                                                       :
                                                                                             :
McKESSON CORPORATION,                                          :
                                                                                             :
                                    Defendant.                            :
------------------------------------------------------------------x

**ORDER SEALING CERTAIN EXHIBITS TO DECLARATIONS IN
SUPPORT OF PLAINITIFF'S OPPOSITIO TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Upon the motion (the "<u>Seal Motion</u>") of The Official Committee of Unsecured Creditors (the "<u>Committee</u>") on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., *et al*. (the "<u>Debtors</u>") for the entry of an order (i) authorizing the Committee to file under seal certain Exhibit H ("<u>Exhibit H</u>") to the Declaration of Dawn DeVito in support of the Committee's response to the Motion of Defendant McKesson Corporation ("<u>McKesson</u>") for summary judgment (the "<u>Motion</u>"); and this Court having jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

{00025453v1 }

157(b); and this Court having determined that the relief requested in the Seal-Motion is in the best interests of the Committee, the Debtors, McKesson and other parties in interest; and it appearing that no notice of the Seal-Motion has been given or is necessary; and after due deliberation thereof; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Seal Motion is granted as set forth herein.

2. The Committee is authorized to file an Exhibit H under seal, which will remain under seal and confidential, except that copies will be provided to the Court.and shall not be made available to any party without the consent of the Debtors, the Committee and McKesson, may not be filed on the public docket.

3. The Committee shall submit un-redacted copies of the Exhibit H to the Clerk of this Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of the United States Bankruptcy Court for the Southern District of New York.

4. The Committee shall unseal or dispose of Exhibit H at the conclusion of the matter.

5. Entry of this Order is without prejudice to the rights of any party in interest, or the Office of the United States Trustee, to seek to unseal Exhibit H, or any part of it.

6. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. This Court shall retain jurisdiction with respect to all matters relating to the implementation or interpretation of this Order.

Dated: White Plains, New York
      September ___, 2019

                                            Robert D. Drain
                                            United States Bankruptcy Judge