UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                              Chapter 11
                                                                    Case No. 15-23007 (RDD)
THE GREAT ATLANTIC & PACIFIC TEA
COMPANY, INC., *et al.*                                             Jointly Administered
                              Debtors.
-----------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS on behalf of the bankruptcy estate of THE
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,
*et al.*,
                              Plaintiff,
    -against-                                                Adversary P. No. 17-08264 (RDD)

McKESSON CORPORATION,
                              Defendant.
-----------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS on behalf of the bankruptcy estate of THE
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,
*et al.*,
                              Plaintiff,
    -against-                                                Adversary P. No. 17-08265 (RDD)

McKESSON PHARMACY SYSTEMS, LLC,

                              Defendant.
-----------------------------------------------------------------x
THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS on behalf of the bankruptcy estate of THE
GREAT ATLANTIC & PACIFIC TEA COMPANY, INC.,
*et al.*,
                              Plaintiff,
    -against-                                                Adversary P. No. 17-08266 (RDD)

McKESSON SPECIALTY CARE
DISTRIBUTION CORPORATION
(Sued as McKesson Specialty Distribution LLC),

                              Defendant.
-----------------------------------------------------------------x

## **SCHEDULING AND PRE-TRIAL ORDER**

       The parties cannot amend this order by stipulation or otherwise, and the Court will not amend it unless presented with (i) proof of cause beyond the control of the party seeking amendment and (ii) timely application as soon as possible after the party seeking amendment learns of the cause. **FAILURE TO COMPLY WITH THIS ORDER MAY**

**RESULT IN DISMISSAL OR OTHER SANCTION. If delay or other act or omission of your adversary may result in a sanction against you, it is incumbent on you to promptly bring this matter to the Court for relief.**

It is hereby ORDERED as follows:

1. All discovery shall be completed by Tuesday, June 30, 2020.  In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly inform the Court by letter of the nature of the dispute and request a telephonic discovery conference.  At the conference, the Court will ask the parties about their prior efforts to resolve the dispute.

2. Either or both parties may seek leave under the Local Bankruptcy Rules to move for summary judgment under Fed. R. Bankr. P. 7056 after completion of discovery and before taking the steps set forth in paragraphs 3-6 below.  If such request is granted, the parties shall schedule the adjourned pre-trial conference to take place approximately one month after the scheduled hearing on summary judgment.

3. The Court will hold a final pretrial conference on July 17, 2020 at 10:00 A.M. (unless a party has previously obtained permission under the Local Bankruptcy Rules to move for summary judgment, which motion shall be heard at that date and time), <u>at which time the parties must be prepared to proceed to trial within two weeks</u>. This provision does not preclude any party from requesting permission to file a summary judgment motion at the final pretrial conference in accord with Local Rule 7056-1 of this Court by letter filed at least three business days before the conference.

4. In advance of the final pretrial conference, the parties shall have conferred and used their best efforts to agree on a joint exhibit book and shall have identified any exhibits whose admissibility is not agreed.

5. In addition, on or before two weeks before the final pretrial conference, the parties shall have exchanged proposed witness lists.

6. On or before one week before the scheduled trial date, the parties shall (a) submit to chambers declarations under penalty of perjury or affidavits of their direct witnesses, who shall be present at trial for cross-examination and redirect, or have

sought the Court's permission to examine direct witnesses at trial and (b) submit to chambers the joint exhibit book referred to in paragraph 4 hereof.

Dated: White Plains, New York
February 20, 2020

> */s/Robert D. Drain*
> **Hon. Robert D. Drain**
> **United States Bankruptcy Judge**