UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 15-23007 (RDD) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Jointly Administered |
| Debtors. | |

--------------------------------------------------------------x

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | |
| Plaintiff, | |
| -against- | Adversary No. 17-08264 (RDD) |
| McKESSON CORPORATION, | |
| Defendant. | |

--------------------------------------------------------------x

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | |
| Plaintiff, | |
| -against- | Adversary No. 17-08265 (RDD) |
| McKESSON PHARMACY SYSTEMS, LLC, | |
| Defendant. | |

--------------------------------------------------------------x

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | |
| Plaintiff, | |
| -against- | Adversary No. 17-08266 (RDD) |
| McKESSON SPECIALTY CARE DISTRIBUTION CORPORATION (Sued as McKesson Specialty Distribution LLC), | |
| Defendant. | |

--------------------------------------------------------------x

## **STIPULATED PROTECTIVE ORDER**

1

Pursuant to Federal Rule of Civil Procedure 26(c), incorporated pursuant to Federal Rule of Bankruptcy Procedure 7026, the parties to three above-captioned adversary proceedings (collectively, the "**Actions**"), Defendants McKesson Corporation, McKesson Specialty Care Distribution Inc. and McKesson Pharmacy Systems, LLC (collectively, "**Defendants**") and Plaintiff, the Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., *et al*., ("**Plaintiff**" and together with the Defendants, each a "**Party**," and collectively, the "**Parties**"), through their respective counsel, agree that the terms and conditions of this Stipulated Protective Order ("**Order**") governs the production and handling of documents, items, and other information exchanged by the Parties in these Actions (including each of the following:  document productions, responses to interrogatories, requests for admissions, pleadings, exhibits, and deposition or other testimony) and the above-captioned Chapter 11 bankruptcy cases titled, *In re The Great Atlantic & Pacific Tea Company, Inc., et al.*, (the "**Bankruptcy Cases**"), regardless of the medium or manner in which any such materials are generated, stored, or maintained.  This includes any material produced, filed, or served by any Party during discovery in these Actions and any information included in any such material.  The Court, finding that good cause exists for entry of a protective order in these Actions to prevent unauthorized disclosure and use of the Parties' trade secrets and other confidential information during and after the course of the litigation, HEREBY ORDERS AS FOLLOWS:

1.      **Materials Covered**.  This Order governs the handling of Confidential Information i.e., information properly designated as "Confidential" or "Highly Confidential" (as discussed below) and applies to all materials (a) produced, given, or exchanged by any Party (the "**Producing Party**") in the litigation or (b) produced or provided by any non-party in response to

a discovery request ("**Producing Non-Party**") in the litigation.  Any Party or Producing Non-Party may, based on a good-faith belief that materials are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure (the "**FRCP**"), as made applicable to the Actions pursuant to Federal Rule of Bankruptcy Procedure 7026 ("**Bankruptcy Rule 7026**"), or other applicable law, designate all or any part of a document, discovery response, deposition, or other material which that Party or Non-Party produces, serves, or provides in connection with these Actions as "Confidential Material" or "Highly Confidential Material," as described below.  The designation of any material as Confidential or Highly Confidential Material shall constitute a representation that the Producing Party or Non-Party has made a good-faith determination that any such material so designated is confidential or subject to protection under Rule 26 of the FRCP, Bankruptcy Rule 7026, or other applicable law and this Order.

2.      **Categories of Protected Material**.

a.      "**Confidential Material**" shall mean private or confidential personal information and material which is not available to the public and that the Party or Producing Non-Party producing the designated material (the "**Designating Party**") believes, reasonably and in good faith, deserves protection under Rule 26(c)(1) of the FRCP, made applicable to the Actions pursuant to Bankruptcy Rule 7026, or other applicable law, including private or confidential information such as nonpublic confidential financial or commercial information.  "Confidential Material" may also include information received from third parties, so long as the Designating Party has a reasonable good faith belief that the information is entitled to protection under Rule 26(c) of the FRCP, Bankruptcy Rule 7026, or other applicable law.

b.      "**Highly Confidential Material**" shall mean any information that the Designating Party reasonably believes in good faith to be subject to federal, state or foreign data

3

protection or privacy laws or other privacy obligations (collectively "**data privacy obligations**")

or nonpublic, highly sensitive commercial, financial, credit, or personal information that a Party

reasonably believes in good faith would, if disclosed to another Party or non-party, be highly

likely to cause significant competitive or commercial disadvantage.  The Parties shall disclose

whether any information has been withheld or redacted on the basis of data privacy obligations

and agree to engage in a meet and confer process should any such withholding or redaction be

challenged. Highly Confidential Material may include  nonpublic, highly sensitive information

related to (a) pricing (including credits, discounts, returns, allowances, rebates, and

chargebacks); (b) projected future sales, volumes, profits, revenue, and costs; (c) claims and

reimbursement data; (d) distribution agreements with third parties, including wholesalers;

(e) transactional data; (f) information protected by data privacy obligations; (g) information

related to litigation or to settlement of litigation or negotiations therein; (h) company-wide credit

policies and procedures; (i) personnel files or other highly sensitive or personal identifying

information; (j) communications regarding any Highly Confidential Material that themselves

meet the definition of Highly Confidential Material; (k) information related to a Designating

Party's financial performance, projections, and planning; and (l) materials that contain current

trade secrets.

3.      Certain Confidential Information may compel alternative or additional protections

beyond those afforded Highly Confidential Material, in which event the Parties shall meet and

confer in good faith, and, if unsuccessful, may move the Court for appropriate relief.

4.      Notwithstanding any of the foregoing, information that is or becomes available in

the public domain, or which is already known by the Party receiving the material (the

"**Receiving Party**") through proper means, or which is or becomes available to a Party from a

4

source other than the Party or Producing Non-Party asserting confidentiality, rightfully in possession of such material on a non-confidential basis, shall be presumed non-confidential material under this Order (provided, however, that this provision shall apply to information protected by data privacy obligations only to the extent that such information is in the public domain).

**5.      Means of Designating Protected Information**

Any material, whether or not filed with the Court, that contains Confidential Information for which the Producing Party or Producing Non-Party seeks protection under this Order shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as follows.

a.      For documents in hard-copy form or modifiable electronic format, such designation shall be made by affixing a legend, stamp, or watermark to each page of the document, or portion thereof, that is deemed Confidential or Highly Confidential in such a way as not to obscure any part of the text or content.

b.      Natively produced electronic documents and other non-imaged media, including any video cassettes or other storage media, may be designated as "Confidential" or "Highly Confidential," as appropriate, by noting such designation in an accompanying cover letter and, to the extent possible, by affixing a legend or stamp to the media itself (i.e., disc, hard-drive, etc.) on which the material is provided, and including the appropriate confidentiality designation in the load file provided with the electronic production. Whenever any Party to whom electronically stored documents are produced reduces such documents to hardcopy form, that Party shall designate the hard-copy documents with a legend, stamp, or watermark as provided in Paragraph 5(a) or shall promptly dispose of the document after reviewing it.

5

c.      Deposition testimony provided in these Actions may be designated as Confidential Material or as Highly Confidential Material if the testimony concerns or relates to Confidential Material or Highly Confidential Material.  Counsel desiring to designate any portion of testimony as Confidential Material or Highly Confidential Material may do so by so stating orally on the record on the day that the testimony is being given.  If a Designating Party in good faith indicates by oral designation that Confidential or Highly Confidential Material will be used or elicited during a line of questioning, the Designating Party may request that the portion of the deposition be taken only in the presence of persons entitled to access to such information under this Order, which shall include the deponent's counsel (if any).  Additionally, any Party or Producing Non-Party may designate any or all portions of the transcript and/or video of any deposition as containing Confidential Material or Highly Confidential Material in accordance with this Order by notifying all other Parties in writing, within fourteen (14) days of receipt (the "**14-Day Period**") by the Designating Party of the final, official (non-draft) transcript or video that contains Confidential Material or Highly Confidential Material and designating the specific pages or lines as containing Confidential or Highly Confidential Material. Confidentiality designations of transcripts will apply to audio, video, or other recordings of testimony.  All transcripts and video, audio or other recordings shall be treated on an interim basis as Highly Confidential Material and subject to this Order until a time fourteen (14) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) and confidentiality designations are received by the Designating Party.  Until the 14-Day Period  has expired, counsel will not permit the deposition transcript, including exhibits, or any video, audio or other recordings, to be distributed to persons beyond those specified in Paragraph 10, other than the deponent, and shall treat the deposition as Highly Confidential Material under this

6

Order.  If, prior to the expiration of the 14-Day Period, a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits, any portion of the deposition transcript or confidential exhibits thereto, the Party shall treat the transcript or confidential exhibits as Highly Confidential Material.  Any portion of any deposition testimony that is not designated as Confidential Material or Highly Confidential Material within fourteen (14) days after a final, official (non-draft) transcript or video of the deposition are received by the Designating Party, shall not be entitled to the protections afforded under this Order.

d.      For oral disclosures other than deposition testimony, a Party may, in writing, within ten (10) business days of the disclosure, designate the disclosure, or part(s) thereof, as Confidential Material or Highly Confidential Material.

e.      Any Confidential Material or Highly Confidential Material that was exchanged by the Parties prior to execution of this Order is also subject to the provisions of this Order.

f.      Notwithstanding any contrary provision of this Paragraph, each Party and Producing Non-Party retains the right to redesignate documents and things, and deposition testimony and other oral disclosures. Upon such redesignation, each Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

6.      **Inadvertent Failure to Designate**.  In the event that Confidential Information is produced without having been previously marked "Confidential" or "Highly Confidential," the Party in receipt of that material shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it.  The Designating Party must

7

then, within ten (10) days of its written request, or such other time as agreed by the Parties, re-produce the document, paper, or thing with the appropriate confidentiality designation.  The Receiving Party will then replace the incorrectly designated materials with the newly designated materials and shall, within ten (10) days of receipt of the replacement set, return the non-designated material, or confirm in writing that it has destroyed all copies of it.  The inadvertent failure of a Party or person to designate a document as "Confidential" or "Highly Confidential" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter.  No Party shall be deemed to have violated this Order if, prior to its receipt of notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation.  Once a designation is received, however, the relevant documents or materials shall be treated as "Confidential" or "Highly Confidential" in accordance with this Order.  If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Party or person that failed to make the designation shall move for appropriate relief.

7.      **Challenge to Designation**. Any Party wishing to challenge the "Confidential" or "Highly Confidential" designation assigned by another Party or Producing Non-Party with respect to any material shall give notice by email or other written communication of such objection to counsel for the Designating Party and any relevant Producing Non-Party.  The Designating Party shall respond in writing within fourteen (14) business days of this notification and explain the grounds for asserting that the document or information is Confidential or Highly Confidential.  If the Designating Party or Producing Non-Party does not respond in writing within fourteen (14) business days of the notification, the materials shall be presumptively

8

determined to be non-confidential.  If the Designating Party or Producing Non-Party makes a timely response, counsel shall confer in good faith in an effort to resolve the dispute.

If no resolution is reached, the dispute may be presented to the Court for an order removing such material from the restrictions of this Order, and any papers filed in support of or in opposition to said motion shall, to the extent necessary and in a manner consistent with the Court's Local Rules, be filed under seal to preserve the claimed confidentiality of the material. Upon the filing of such a motion, the burden rests upon the Designating Party to demonstrate the propriety of such designation.  Until the Parties or the Court resolve a challenge to the designation of Confidential or Highly Confidential Material, the confidentiality designation shall remain in full force and effect.

8.    **Use of Materials and Certifications**.

a.    All materials designated "Confidential" or "Highly Confidential" shall be used solely in furtherance of the prosecution, defense, or attempted settlement of these Actions (including any appeal and retrial), shall not be used at any time for any other purpose whatsoever, and shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.  All materials designated "Confidential" or "Highly Confidential" must be stored and maintained by the Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order ("**Authorized Recipients**").  The Receiving Party shall exercise the same standard of due and proper care with respect to the storage, custody, use and dissemination of such information as is exercised by the Receiving Party with respect to its own confidential material.  Personally identifiable information that a Party or Producing Non-Party has designated as Highly Confidential Material based on its good faith belief that the information is subject to data privacy obligations shall be handled by the Receiving Party with the highest

9

care.  Upon conclusion of these Actions, a Receiving Party must comply with the provisions of

Paragraph 13 below regarding return or destruction of Confidential and Highly Confidential

Materials.

      b.      Each person to whom Confidential or Highly Confidential Material is

disclosed, except the persons identified in Paragraphs 9(a)-(n) and 10(a)-(k) below, shall execute

a Certification, Acknowledgement and Agreement to Be Bound by this Order (the

"Certification"), in the form annexed hereto as Exhibit A, and shall agree to be bound by this

Order, before receiving Confidential or Highly Confidential Material.  Counsel for each Party

shall maintain the executed Certifications and need not provide copies to any other Party unless

there is a genuine dispute between the Parties concerning the person's handling of Confidential

or Highly Confidential Material, or except as expressly provided for herein.

      c.      Notwithstanding any contrary provision in this Order, a Party is permitted

to disclose Confidential and Highly Confidential Material to the extent required by a subpoena or

other legal process, provided that the procedures in this paragraph are followed.  The Party that

has received a facially valid subpoena or other apparent valid legal process (the "**Subpoenaed**

**Party**") must provide the Designating Party or Producing Non-Party with written notice of such

subpoena or other legal process via telephone, electronic mail/PDF or hand delivery no later than

three (3) business days of receiving the subpoena or a lesser period if ordered by the Court, in

order to afford the Designating Party or Producing Non-Party an opportunity to object.  The

Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the

Designating Party) that providing the information may be a violation of this Order.  If the

Designating Party or Producing Non-Party does not move for a protective order within the time

allowed for production by the subpoena or request, or within any such extension that may be

10

granted, and give advance written notice of such motion to the Subpoenaed Party, the

Subpoenaed Party may commence production in response to the subpoena or request.  The

Subpoenaed Party will not produce any of the Confidential or Highly Confidential Material

while a motion for a protective order brought by the Designating Party pursuant to this paragraph

is pending, or while an appeal from or request for appellate review of such motion is pending,

unless a court of competent jurisdiction orders production of the material that is subject to this

Order.  In such case, production of such material pursuant to that court order shall not be deemed

a violation of this Order.  The Designating Party or Producing Non-Party will bear the burden

and all costs of opposing the subpoena on grounds of confidentiality.

     9.    **Disclosure of Confidential Materials**. Unless otherwise ordered by the Court or

permitted in writing by the Designating Party, Confidential Materials may be disclosed,

summarized, described, characterized, or otherwise communicated or made available only to:

     a.    <u>The Court</u>.  The Court, its secretaries, clerks, law clerks, and other staff;

     b.    <u>Other Courts</u>.  Any court of competent jurisdiction in a proceeding by a

Party in connection with this Action, and that court's staff;

     c.    <u>Reporters</u>.  Court reporters, court videographers, and similar transcription

services and their support staff (this category hereinafter referred to as "Court Reporters");

     d.    <u>Masters and Mediators</u>.  Any special masters, or any mediators engaged

by the Parties, and their staff;

     e.    <u>Outside Counsel</u>.  Present or former outside counsel of record in these

Actions and employed or retained support staff, secretaries, paralegals, legal assistants, and

providers of support services (including, without limitation, copy services, litigation consultants,

document management services, graphics services, outside exhibit preparation companies,

11

independent support services personnel, and information technology and database/coding service personnel) (this category hereinafter referred to as "Outside Counsel");

       f.    <u>In-house Legal Personnel</u>.  Parties' in-house legal personnel as well as the secretarial and clerical employees of each Party who work regularly with in-house legal personnel, and managers, officers, directors, or employees who are assisting in-house counsel or counsel of record in the conduct of these Actions, for the sole purpose of assisting with these Actions;

       g.    <u>Jeanne M. Boyle</u>.  Jeanne M. Boyle, who serves as the Debtors' counsel in connection with these Actions, any successor retained to fulfill her current duties with respect to these Actions, and the secretarial, clerical employees and IT support staff of the Debtor who work regularly with Jeanne M. Boyle or any successor to Ms. Boyle, for the sole purpose of assisting with these Actions;

       h.    <u>The Debtor</u>.  The Debtors' officers or employees, Christopher W. McGarry, Dawn DeVito and Nancy Brown, and any of their successors retained to fulfill their current duties with respect to these Actions, and their employed or retained support staff, including but not limited to IT support staff, secretaries, paralegals, legal assistants, and providers of support services (the "Debtors' Officers and Employees");

       i.    <u>Prior Access</u>.  Any person that counsel for a Party has a good faith basis to believe prepared, received, reviewed or had knowledge of the contents of the specific Confidential Material prior to its production in these Actions or their counsel;

       j.    <u>Mount Kellett</u>.  Individuals designated in writing by any stakeholder in these Actions which is affiliated with the Mount Kellett Master Fund II L.P., and any successor in interest, and their employed or retained support staff, secretaries, paralegals, legal assistants,

12

and providers of support services, but only to the extent that they have a reasonable need for the Confidential Material in order to monitor the Actions' progress;

k.    <u>Witnesses</u>.  Any person whom a Party reasonably believes in good faith may be a potential fact witness or deposed in these Actions, or their counsel;

l.    <u>Experts</u>.  Any individual expert or consultant who is consulted or retained by or for the benefit of any of the Parties in these Actions to assist counsel in these Actions, and all personnel, legal and support staff assisting such expert or consultant in connection with these Actions (this category hereinafter referred to as "Experts"), provided that neither Confidential nor Highly Confidential Material shall be disclosed to any Expert who either (i) is an employee of or currently providing consulting services to the primary competitors of Defendants in any way related to finance or credit for the primary competitors of Defendants; or (ii) is providing consulting services to a customer of Defendants related in any way to that customer's business relationship with Defendants.  The primary competitors of Defendants are Cardinal Health and AmerisourceBergen and their affiliates;

m.    <u>Advisors</u>.  Any person to whom a Party's counsel believes, reasonably and in good faith, disclosure is necessary to prosecute a Party's claims or defenses; and

n.    <u>Rule 30(b)(6) Witnesses</u>.  Any person designated as a Rule 30(b)(6) witness who is testifying regarding the subject matter of the Confidential Material.

10.    **Disclosure of Highly Confidential Materials**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Highly Confidential Materials may be disclosed, summarized, described, characterized, or otherwise communicated or made available only to:

a.    <u>The Court</u>.  The Court, its secretaries, clerks, law clerks, and other staff;

13

b.      <u>Other Courts</u>.  Any court of competent jurisdiction in a proceeding by a Party in connection with this Action, and that court's staff;

c.      <u>Reporters</u>.  Court Reporters as specified in Paragraph 9(c) above;

d.      <u>Masters and Mediators</u>.  Any special masters, or any mediators engaged by the Parties, and their staff;

e.      <u>Outside Counsel</u>.  Outside Counsel (as defined in Paragraph 9(e) above), to the extent such persons' duties and responsibilities reasonably and in good faith require access to Highly Confidential Material;

f.      <u>In-house legal personnel.</u>  Parties' in-house legal personnel as well as the secretarial and clerical employees of each Party who work regularly with in-house legal personnel, and managers, officers, directors, or employees who are assisting in-house counsel or counsel of record in the conduct of these Actions, to the extent such persons' duties and responsibilities reasonably require access to Highly Confidential Material;

g.      <u>Jeanne M. Boyle</u>.  Jeanne M. Boyle, who serves as the Debtors' counsel in connection with these Actions, and any successor retained to fulfill her current duties with respect to these Actions, and the secretarial, clerical employees and IT support staff of the Debtor who work regularly with Jeanne M. Boyle or any successor to Ms. Boyle, for the sole purpose of assisting with these Actions;

h.      <u>Experts</u> (as defined in Paragraph 9(l) above), and subject to all of the restrictions and conditions set forth in that paragraph;

i.      <u>The Debtor</u>.  The Debtors' officers or employees Christopher W. McGarry, Dawn DeVito and Nancy Brown, and any of their successors retained to fulfill their current duties with respect to these Actions, and their employed or retained support staff,

14

including but not limited to IT support staff, secretaries, paralegals, legal assistants, and

providers of support services, to the extent such persons' duties and responsibilities reasonably

require access to Highly Confidential Material;

   j. <u>Prior Access</u>.  Any person that counsel for a Party has a good-faith basis to

believe prepared, received, reviewed or had knowledge of the contents of the specific Highly

Confidential Material prior to its production in these Actions; and

   k. <u>Rule 30(b)(6) Witnesses</u>.  Any person designated as a Rule 30(b)(6)

witness who is testifying regarding the subject matter of the Highly Confidential Material.

   l. <u>Witnesses</u>.  Any person whom a Party has designated as a fact witness or

potential fact witness (in a response to an interrogatory question requiring the Party to identify

any fact witnesses or by written notification to the other Party) or is deposed in these Actions

with respect to the subject matter of the Highly Confidential Material, or their counsel, provided

that counsel for a Party has a good faith, reasonable belief that the designated witness's access to

Highly Confidential Material is required to prosecute that Party's claims or defenses;.

  11. **Expert Disclosures**. If any Party desires to disclose information designated

Confidential or Highly Confidential to any Expert, including an  accounting expert, pursuant to

Paragraphs 9(l) or 10(h) above, the Party must maintain a log of the Experts to whom the

Confidential or Highly Confidential information is provided.  The log must include the full name

and professional address or affiliation of the proposed expert or consultant, and confirmation that

the expert or consultant has executed a copy of the Certification attached hereto as Exhibit A.

  Within sixty (60) days after such time as these Actions are concluded, whether by final

adjudication on the merits (including any appeals related thereto) or by other means, or such

other time as the Designating Party may agree in writing, the Non-Designating Party shall

provide the log to the Designating Party and provide a certification from each Expert that it has

complied with the provisions of Paragraph 13 below regarding return or destruction of

Confidential and Highly Confidential Materials.

12.     **Attorney's Eyes Only Documents**.  If a Party determines in reasonable good

faith that it would be highly likely to incur very significant competitive or commercial harm if

certain material were disclosed, it may designate that material as "Attorneys Eyes Only."  Absent

agreement of the Parties or a ruling from the Court, "Attorneys Eyes Only" material shall be

treated in all respects as Highly Confidential Material but, absent written consent from the

Producing Party, Attorneys Eyes Only material may not be disclosed pursuant to Paragraphs

10(f), 10(i), or 10(l) above.  Absent agreement of the Parties or a ruling from the Court,

"Attorneys Eyes Only" Materials may be shown to a Rule 30(b)(6) witness (pursuant to

Paragraph 10(k)) only if the "Attorneys Eyes Only" Materials is within the scope of the Rule

30(b)(6) notice or the "Attorneys Eyes Only" Material is being shown to a Rule 30(b)(6) witness

pursuant to a notice issued by the designating Party.  Defendants have represented that they

believe they will have fewer than fifteen documents, such as their Credit Manual, which they

expect to designate "Attorneys Eyes Only."  Also, "Attorneys Eyes Only" material will not

include material concerning Defendants' product pricing formulas and methodologies, which

were available to both the Debtors and Defendants, although this material may be designated

"Highly Confidential." "Attorneys Eyes Only" material shall be produced separately from any

other material.  If a Party challenges the designation of any material as "Attorneys Eyes Only,"

the procedures in this Order for challenges to "Highly Confidential" designations shall apply.  In

resolving any challenge, the Parties' respective interests in preserving their confidential

16

information and in developing evidence in support of their claims or defenses will both be
considered.

13. **Handling of Confidential and Highly Confidential Materials**.

a.       Within sixty (60) days after such time as these Actions are concluded,
whether by final adjudication on the merits (including any appeals related thereto) or by other
means, or such other time as the Designating Party may agree in writing, the Receiving Parties
will, at their option, return or undertake commercially reasonable efforts to destroy all
Confidential or Highly Confidential Material (including but not limited to copies in the
possession or control of any Expert or employee).

b.       If any Receiving Party opts to destroy the Confidential or Highly
Confidential Material in accordance with the preceding sub-paragraph, such Receiving Party
shall certify in writing to the Designating Party or Producing Non-Party that all such material has
been destroyed to the extent practicable.  As to those materials that contain, reflect, incorporate,
attach, or reference attorney work product, counsel of record for the Parties shall be entitled,
without violating this Order, to retain such work product in their files, so long as the terms of this
Order will continue to govern any such retained materials and provided that information
protected by data privacy obligations will not be retained unless counsel has a good faith belief
that retention is reasonable and necessary in light of pending or expected future related litigation,
in which case such information may be retained solely for that purpose, after which time it shall
be destroyed.

c.       In addition, counsel of record for the Parties shall not be violating this
Order if they retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto),
correspondence (including internal correspondence and e-mail), any other papers filed with the

17

Court (including exhibits), deposition transcripts, and the trial record (including exhibits) even if such materials contain or describe Confidential Material or Highly Confidential Material, so long as this Order will continue to govern any such retained materials.

d.       The Receiving Party's commercially reasonable efforts shall not require the return or destruction of materials that (a) are stored on backup storage media in accordance with the Receiving Party's regular data backup procedures; (b) are located in the email archive system or archived electronic files of departed employees; or (c) are subject to legal hold obligations, provided, however, that (i) any such material shall be treated in accordance with this Order; (ii) to the extent that any material is accessed from backup storage media, information protected by data privacy obligations shall be destroyed or returned; (iii) to the extent that any material is accessed from an email archive system or archived electronic files of departed employees, information protected by data privacy obligations shall be destroyed or returned; and (iv) legal hold obligations shall be periodically reviewed for necessity and proportionality and information protected by data privacy obligations shall not be retained in perpetuity.  The Parties and their respective representatives, attorneys, experts, consultants, and vendors, including off-site hosting litigation support service providers, shall thereafter be prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar computer forensic techniques, except to the extent required by a recovery program that requires the restoration of data from otherwise inaccessible media. In the event that any material is restored, it will be treated in accordance with this Order (including, but not limited to, the destruction or return of information protected by data privacy obligations).  Nothing in this Paragraph shall obligate any Party to destroy its own Confidential Information at the close of these Actions or at any other time.

14.    **Inadvertent Production of Privileged Documents**.

a.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any attorney-client privileged or work-product protected documents or information will not be deemed to constitute a waiver in the pending case or in any other federal or state proceeding.

b.    Notification and Challenge.  The inadvertent production of any document in these Actions by any Party or person that such Party or person later claims, reasonably and in good faith, should have been withheld on grounds of an applicable privilege, including but not limited to the attorney-client privilege, work product doctrine, or the joint defense or common interest privilege (an "**Inadvertently Produced Privileged Document**"), will not be deemed to waive any privilege or other applicable protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters.  A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any and all parties that received the document(s).  Upon receipt of notification of an Inadvertently Produced Privileged Document, the Receiving Party shall promptly delete, sequester or destroy any electronic records or hard copies thereof in accordance with Rule 26(b)(5)(B) of the FRCP, and provide a written certification of counsel that all such records have been deleted, sequestered or destroyed.  The Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document must provide within ten (10) business days of such notification sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log pursuant to Rule 26(b)(5) of the FRCP, as made applicable pursuant to Bankruptcy Rule 7026 , and the Local Rules.  The Designating Party must retain a copy of any Inadvertently Produced Privileged Document until the resolution or termination of this case, including any appeals.  After an

19

Inadvertently Produced Privileged Document is destroyed, sequestered or returned pursuant to

FRCP 26(b)(5)(B), as incorporated pursuant to Federal Rule of Bankruptcy Procedure 7026, a

Party may move the Court to consider whether the document(s) in question is/are in fact covered

by an applicable privilege or protection, and to enter an order compelling production of the

document(s).

        c.      Use of Inadvertently Produced Privileged Documents Before Discovery or

Notification of Disclosure.  If the substance of any Inadvertently Produced Privileged Document

that is either conceded by the Parties or subsequently determined by the Court to be protected is

discussed in a deposition or pleading before discovery or notification of the disclosure, the Party

who inadvertently failed to assert privilege must seek for that pleading to be kept under seal

immediately upon discovery or notification of the disclosure.  However, if the privilege

designation is successfully challenged, then any Party may use the prior testimony.  If

questioning regarding any Inadvertently Produced Privileged Document is prevented during a

deposition on the grounds that the document is privileged, and it is later determined that the

document is not privileged, then the witness who was prevented from testifying shall be made

available to complete the deposition irrespective of any discovery deadlines that may have

expired during the pendency of the dispute, provided that such additional testimony shall be

limited to the document(s) in question and any appropriate, related follow-up questioning.

Recognizing the need for the Parties to prepare for their cases based on the discovery that is

produced, if any information, document, or tangible thing is (i) used in a hearing or deposition,

(ii) attached as an exhibit to a pleading or motion, (iii) referred to in an expert report or pretrial

order, or (iv) is otherwise used openly in the litigation, any claim of inadvertent production must

be made within thirty (30) business days after such use (provided, however, that failure to timely

make such a claim of inadvertent production will not in and of itself be deemed to constitute a waiver of any privilege, work product or other protection as to other information relating to the same or related subject matters).

        d.      **Burden of Proving Privilege or Work-Product Protection**.  The Designating Party or Producing Non-Party retains the burden upon any challenge of establishing the privileged or protected nature of any alleged Inadvertently Produced Privileged Document.

        e.      **Voluntary and Subject Matter Waiver**.  This Order does not preclude a Party from voluntarily or otherwise waiving the attorney-client privilege or work product protection pursuant to applicable law.  The provisions of Federal Rule of Evidence 502(a) apply according to its terms when the Designating Party uses or indicates that it may use information produced under this Order to support a claim or defense.

        15.      **Inadvertent Disclosure of Material by Receiving Party**.  If a Party receiving Confidential or Highly Confidential Materials learns that, by inadvertence or otherwise, it has disclosed the Confidential Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as is practicable but no later than within three (3) business days of discovering the unauthorized disclosure:  (a) notify in writing the Designating Party or Producing Non-Party of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all the terms of this Order and make reasonable efforts to have the person or persons execute a Certification in the form annexed hereto as Exhibit A.  If Confidential Material is used inadvertently during depositions in contravention of other provisions of this Order, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably

21

required to protect its confidentiality during such use.  If such information is inadvertently

disclosed to a deposition witness, and the witness has testified that he or she has personal

knowledge concerning that information, the witness may be examined and cross-examined with

respect to the document(s) or information disclosed for the remainder of the deposition.  If such

information is inadvertently disclosed to a deposition witness, and the witness has not yet

testified that he or she has personal knowledge concerning that information, all questioning

concerning the Confidential or Highly Confidential Material must immediately cease, except that

the witness may be examined to determine whether he or she has personal knowledge concerning

that Material without disclosing the Material itself.

16.     **Data Security**. Any person in possession of Confidential Material or Highly

Confidential Material shall employ reasonable administrative, technical and physical safeguards

designed to protect the security and confidentiality of such Confidential Material or Highly

Confidential Material, protect against any reasonably anticipated threats or hazards to the

security of such Confidential Material or Highly Confidential Material, and protect against

unauthorized access to Confidential Material or Highly Confidential Material.  Compliance with

this provision may be achieved by, for example, having the Confidential Material or Highly

Confidential Material managed by or stored with eDiscovery vendors that maintain such an

information security program.  If a Receiving Party or Authorized Recipient discovers any loss

of Confidential or Highly Confidential Material or a breach of security, including any actual or

suspected unauthorized access, relating to another Party's Confidential or Highly Confidential

Material, the Receiving Party must, as soon as is practicable but no later than within three (3)

business days of such discovery:  (a) promptly provide written notice to the Producing Party of

such breach; (b) investigate and make reasonable efforts to remediate the effects of the breach,

BN 41024219v4

and provide the Producing Party with assurances reasonably satisfactory to the Producing Party

that such breach shall not recur; and (c) provide sufficient information about the breach that the

Producing Party can reasonably ascertain the size and scope of the breach.  The Receiving Party

agrees to cooperate with the Producing Party or law enforcement in investigating any such

security incident.  In any event, the Receiving Party shall promptly take all necessary and

appropriate corrective action to terminate the unauthorized access.

17.    **Obligations to Non-Parties**. If otherwise discoverable information sought in a

discovery request implicates a Producing Party's obligation to a non-party not to disclose such

information, the Producing Party serve a timely written objection to the production of such

information on the basis of its obligation to the non-party not to disclose the information and the

parties shall meet and confer in an effort to resolve the issue whether the information will be

produced and in what form.  If the dispute cannot be resolved, any party may ask the Court to

resolve it in accord with the Court's procedures.

18.    **Information from Non-Party Sources**. To the extent that any discovery requests

are served on a non-party, the Party serving the discovery request(s) shall, at the time of service,

or in any event at a reasonable time before any documents or information are required to be

produced, provide the non-party with a copy of this Order.  A Producing Non-Party may

designate Confidential or Highly Confidential Material pursuant to the provisions of this Order.

If any Party believes a non-party has produced information from that Party that the Party

believes should be designated as Confidential or Highly Confidential, that Party may notify the

non-party and the other Parties that the non-party may have inadvertently failed to designate the

information as Confidential or Highly Confidential.  The non-party may then correct the

designation as provided in this Order.  Nothing in this Paragraph shall prevent a Party from

23

treating as Non- Confidential Material documents produced by non-parties unless and until a Party or the non-party requests that the document be treated as Confidential Material.

Furthermore, the Parties agree to meet and confer about the use of specific documents produced by non-parties if one of the Parties contends such documents should be treated as Confidential Material but have not been designated as such.

19. **Use in Court Proceedings**.  Any requests by the Designating Party to retain the "Confidential" or "Highly Confidential" designation of all or a portion of the materials used in an open proceeding shall be filed within ten (10) days following the proceeding or at such other time as ordered by the Court.  The Parties shall comply with all applicable rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings.  Nothing in this provision shall be interpreted to suggest that a Receiving Party concedes that the designation of any information as "Confidential" or "Highly Confidential" is appropriate.

20. **Filing Confidential and Highly Confidential Material with the Court**.  Local Rule 9018-1 of the United States Bankruptcy Court for the Southern District of New York shall govern the filing of material under seal.  Any Party that uses the Confidential or Highly Confidential Material of a Designating Party in a submission shall, on the date that the submission is due, file a single page place-holder on the docket, and serve the Designating Party with the underlying submission the same day.

21. **Further Application**. The Parties have entered into this Order with the intention that it govern all discovery in these Actions, and will prevent unnecessary discovery disputes before the Court.  Nevertheless, nothing in this Order shall preclude any Party, or any non-party from whom discovery has been requested, from applying to the Court for additional or different

24

protective provisions with respect to specific material if the need should arise during these Actions.  The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Order, during the pendency of these Actions and for such time thereafter as is needed to carry out the terms of this Order.

22.    **Reservation of Rights**.

a.    By designating any material "Confidential" or "Highly Confidential," the Parties do not acknowledge that any such material is relevant or discoverable in these Actions. All Parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in these Actions.

b.    Nothing in this Order shall prohibit a Party from using or disclosing publicly available or independently discovered information, unless the Party is aware that the information has become public improperly or inadvertently.

23.    **Modification by the Court or the Parties**.  The Court retains the right to modify this Order.  Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval), or to move to amend or modify this Order for good cause.

24.    **Use by Party of Its Own Materials**.  Nothing in this Order shall prevent a Party from using its own Confidential or Highly Confidential Materials in any way that it sees fit without prior consent of any person or the Court, provided that if a Party places its own Confidential or Highly Confidential Materials (or the content thereof) into the public domain, any confidentiality with respect to that Confidential or Highly Confidential Material shall be deemed waived.

25

25.     **Non-Parties**.  A non-party may become a Party to this Order, and subject to its terms, upon the written consent of the Parties and the non-party.  A non-party may become a Party to this Order by this means without Court approval.

26.     **Violations**.  The Court has jurisdiction to enforce this Order and to grant relief, as authorized by law or in equity, for any violations thereof.

27.     **Protective Order Remains in Force**.  This Order shall remain in force and effect until modified, superseded or terminated by consent of the Parties or by order of the Court. Unless otherwise ordered, or agreed upon by the Parties, this Order shall survive the termination of the Actions.  The Court retains jurisdiction even after termination of these Actions to enforce this Order and to make such amendments, modifications, deletions and additions as the Court may deem appropriate.


**SO ORDERED,**

DATED: June 29, 2020

/s/Robert D. Drain
**Hon. Robert D. Drain**
**United States Bankruptcy Judge**

BN 41024219v4

So stipulated and agreed to by the Parties, June 26, 2020.

KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS LLP

By: ___/s/ Tracy L. Klestadt_____
Tracy L. Klestadt, Esq.
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
TKlestadt@Klestadt.com

and

BUCHALTER, A Professional Corporation


By: _____/s/ Jeffrey K. Garfinkle_____
    Jeffrey K. Garfinkle, Esq.
    (Cal Bar. No. 153496; admitted *pro hac vice*)
    18400 Von Karman Avenue, Suite 800
    Irvine, CA 92612
    Telephone:  (949) 760-1121
    Email:  jgarfinkle@buchalter.com

    Attorneys for Defendants, McKesson
    Corporation, McKesson Pharmacy Systems,
    LLC, McKesson Specialty Care Distribution
    Corporation

GRIFFIN HAMERSKY LLP

By: _____/s/ Richard K. Milin_____
    Richard K. Milin
    420 Lexington Avenue, Suite 400
    New York, New York 10170
    Telephone:  (646) 998-5578
    Facsimile:  (646) 998-8284
    Email:  rmilin@grifflegal.com

    Counsel to Plaintiff, the Official Committee of
    Unsecured Creditors

BN 41024219v4

## <u>EXHIBIT A</u>

### CERTIFICATION, ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Stipulated Protective Order attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned understands that the terms of the Stipulated Protective Order obligate him/her to use documents designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, OR ATTORNEYS-EYES ONLY in accordance with the Order, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern, except as in accord with the Stipulated Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

_____
Printed Name

_____
 Signature

Date: _____

28