**GRIFFIN HAMERSKY LLP**
ATTORNEYS AT LAW

July 27, 2021

**Via ECF and E-mail**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

     **Re:** **The Official Committee of Unsecured Creditors v. McKesson Corp. (Adv. Pro. 17-08264 (RDD));**
       **The Official Committee of Unsecured Creditors v. McKesson Pharmacy Systems LLC (Adv. Pro. 17-08265 (RDD)); and**
       **The Official Committee of Unsecured Creditors v. McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266 (RDD))**

Dear Judge Drain:

  On behalf of Plaintiff, the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., we ask the Court to schedule a telephonic conference pursuant to Local Rule 7007 to address Plaintiff's request to quash the subpoena that McKesson served on AmerisourceBergen Corporation on or about Friday, July 23, 2021 (the "Subpoena"). A copy of the Subpoena as filed today on the Court's docket is annexed. (*See* Adv. Pro. 17-08264 (RDD), Dkt. No. 66.)

  McKesson's Subpoena is in blatant violation of the parties' agreement to extend discovery only for limited purposes as recorded in the annexed letter that McKesson's counsel Jeffrey Garfinkle submitted to Your Honor on July 15, 2021. (*See* Adv. Pro. 17-08264 (RDD), Dkt. No. 64.) The parties agreed during a conference call with six participants on June 29, 2021 that they would request a joint extension of our discovery deadlines solely for the purpose of completing discovery that had already been noticed or served. The parties' agreement was recorded in Mr. Garfinkle's letter, which states:

> … the Plaintiff and the McKesson defendants respectfully submit this joint request for one final extension of the discovery cutoff from Friday, July 16, 2021 to Friday, August 27, 2021, ***solely for the purpose of submitting rebuttal expert reports, responding to discovery that has already been served, and conducting a small number of depositions that the parties have already noticed or agreed to schedule***.

(Emphasis added.)

  McKesson's Subpoena violates the parties' agreement as recorded in Mr. Garfinkle's letter, which does not allow for the service of new discovery requests. Accordingly, I asked McKesson to withdraw its Subpoena during a conference call on July 26 and followed up by email today. Counsel

refused.  He responded, in relevant part, that the Subpoena is proper because, "[t]he letter to Judge Drain plainly states that the discovery cutoff date is extended for the preparation of rebuttal expert reports."

McKesson's argument is utterly without merit, and Plaintiff's efforts to resolve the issue consensually have failed.  As I wrote in response, Mr. Garfinkle's letter to Your Honor permits submission of rebuttal reports, not *discovery* in connection with preparation of rebuttal reports.

In any event, McKesson's argument is pretextual, because it is too late for McKesson to submit a rebuttal report.  McKesson asserts that the Subpoena was served in connection with an attempt to rebut the report of Plaintiff's expert Steven Iampietro.  However, Federal Rule of Civil Procedure 26(a)(2)(d) specifies that rebuttal reports are due "within 30 days after the other party's disclosure."  Mr. Iampietro's report was submitted six weeks ago on June 15, 2021.

Further, the Notice of Subpoena states that the Subpoena calls for documents to be produced at 5 p.m. on August 25, 2021, two days before the close of discovery.  At that point, any rebuttal report would be unlikely to be able to make use of them, and the rebuttal report would be six weeks beyond the deadline specified in Rule 26.  At a minimum, Plaintiff would have no time to respond, though it would have been able to do so if McKesson had submitted a rebuttal report on July 15, 2021, when any rebuttal report would have been due.

For these reasons, we ask the Court to schedule a conference to address quashing McKesson's Subpoena.

Respectfully,

/s/ Richard Milin

Richard K. Milin

cc: Jeffrey K. Garfinkle, Esq.
    Tracy L. Klestadt, Esq.

2

420 Lexington Avenue, 4th Floor, New York, NY 10170
Tel: 646-998-5580  I  Fax: 646-998-8284  I  info@grifflegal.com  I  www.grifflegal.com

Jeffrey K. Garfinkle (admitted *pro hac vice*)
Daniel H. Slate (California Bar No. 78173)
BUCHALTER Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Fax: (949) 720-0182
jgarfinkle@buchalter.com
dslate@buchalter.com

Tracy Klestadt
Klestadt Winders Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Fax: (212) 972-2245
tklestadt@klestadt.com

Counsel for Defendant
McKesson Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Case No. 15-23007 (RDD) |
| | Jointly Administered |
| Debtors. | |
| The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | |
| Plaintiff | Adv. Proc. No. 17-08264 (RDD) |
| v. | |
| MCKESSON CORPORATION | |
| Defendant | |

**NOTICE OF SERVICE OF DEFENDANT MCKESSON CORPORATION'S SUBPOENA**
**TO AMERISOURCEBERGEN CORPORATION COMMANDING**
**THE PRODUCTION OF DOCUMENTS**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to rule 45(b)(4) of the Federal Rules of Civil Procedure (made applicable by rule 9016 of the Federal Rules of Bankruptcy Procedure), defendant McKesson Corporation, by and through its undersigned counsel of record, served the following party with a subpoena to produce documents attached as Exhibit A hereto:

| Deponent | Date of Production | Place of Deposition and/or Production |
|---|---|---|
| AmerisourceBergen Corporation | August 25, 2021 5:00 p.m. EST | Klestadt Winters Jereller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, NY 10036-7203. |

DATED: July 27, 2021

BUCHALTER
A Professional Corporation

By:  /s/ *Jeffrey K. Garfinkle*
Jeffrey K. Garfinkle, Esq.
(Cal Bar. No. 153496; admitted *pro hac vice*)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Fax: (949) 720-0182
jgarfinkle@buchalter.com

Attorneys for MCKESSON CORPORATION

**EXHIBIT A**

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern District of New York _____

In re   The Great Atlantic & Pacific Tea Company, Inc. *et al.*
                        Debtor

Case No.  7:15-bk-23007-RDD

*(Complete if issued in an adversary proceeding)*

The Official Committee of Unsecured Creditors on behalf of
the bankruptcy estate of the Great Atlantic Pacific Company, Inc., *et al.*
                        Plaintiff
                            v.
McKesson Corporation
                        Defendant

Chapter  11

Adv. Proc. No.  17-08264-RDD

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Custodian of Records of AmerisourceBergen Corporation
*(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The deposition will be recorded by this method:

☒ *Production*: **YOU ARE COMMANDED** to produce the documents, electronically stored information or tangible things as set forth in the **ATTACHMENT HERETO**, and you must permit inspection, copying, testing, or sampling of such documents, electronically stored information or tangible things.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7/23/2021

CLERK OF COURT

OR

_____        */s/ Jeffrey K. Garfinkle*
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* McKesson Corporation, who issues or requests this subpoena, are:
Jeffrey K. Garfinkle, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612   Telephone: (213) 891-0700   Email: jgarfinkle@buchalter.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: Mort Branzburg  email: mbranzburg@klehr.com
_____
_____ on *(date)* July 23, 2021 ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 7/23/2021

/s/ *Jeffrey Garfinkle*
_____
*Server's signature*

Jeffrey Garfinkle - Attorney for McKesson Corporation
_____
*Printed name and title*

18400 Von Karman Avenue, Suite 800, Irvine, CA 92612
_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT TO SUBPOENA

1. All letters or electronic communications from ABDC to Marsh Drugs, LLC ("Marsh") during 2017 concerning either (i) any reduction of payment or credit terms under that certain Prime Vendor Agreement dated October 1, 2014 between ABDC and Marsh (the "Prime Vendor Agreement"); or (ii) any requirement of Marsh to prepay or pay on one or two days sales outstanding (DSO) for purchases of goods under the Prime Vendor Agreement.

2. All letters or electronic communications between ABDC and Marsh during 2017 concerning or related to any missed or delinquent payments under the Prime Vendor Agreement or the related Credit Agreement by Marsh in favor of ABDC, which Credit Agreement was executed concurrently with the Prime Vendor.

3. The portions and sections of ABDC's "Credit and Collection Policy and Procedure Guidelines" in effect between 2015 and 2017 addressing (i) collection procedures, (ii) delinquency, (iii) first delinquent payment; (iv) second delinquent payments; and (v) severe delinquencies.

# Buchalter

18400 VON KARMAN
AVENUE
SUITE 800
IRVINE, CA 92612
949.760.1121 PHONE
949.720.0182 FAX

File Number: M3515-0018
949.224.6254 Direct
jgarfinkle@Buchalter.com

July 15, 2021

Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

Re: The Official Committee of Unsecured Creditors vs.
(i) McKesson Corp. (Adv. Pro. 17-08264);
(ii) McKesson Pharmacy Systems, LLC  (Adv. Pro. 17-08265); and
(iii) McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266)
(collectively, the "Adversary Proceedings")

Dear Judge Drain:

The Plaintiff and the McKesson defendants continue to make substantial progress in completing discovery in each of the Adversary Proceedings.  Among other things, after counsel were fully vaccinated, the parties took, or soon will have taken, approximately ten in-person depositions of witnesses located in various states throughout the United States.

We had hoped to have concluded all discovery on time, but we were unable to do so.  The parties agree that additional time is necessary in order to be prepared to try these cases efficiently.  As a result, the Plaintiff and the McKesson defendants respectfully submit this joint request for one final extension of the discovery cutoff from Friday, July 16, 2021 to Friday, August 27, 2021, solely for the purpose of submitting rebuttal expert reports, responding to discovery that has already been served, and conducting a small number of depositions that the parties have already noticed or agreed to schedule.  The parties also intend to use the time to try to resolve as many factual issues as possible through meetings of their respective accountants, which we expect to begin next week.  There are some unresolved issues with respect to outstanding discovery requests and witness testimony, but the parties believe that they will be able to resolve all or most of those issues consensually.

After the close of discovery, the parties anticipate that a pre-motion conference pursuant

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

BN 46238257v1

# Buchalter

Honorable Robert D. Drain
July 15, 2021
Page 2

to Local Rule 7056-1 will be sought.  Accordingly, the parties jointly request that the Court schedule a pre-motion conference rather than a pre-trial conference on a date of the Court's choosing following the close of discovery, or extend the time between the close of discovery and the conference.  The parties make this request so that they will not be required to designate witnesses, agree on a joint exhibit book, and otherwise work on being ready for trial immediately after the close of discovery given that the trial will likely be postponed so that motions can be filed and decided.

      Based on the foregoing, the parties respectfully request that the enclosed proposed amended scheduling and pre-trial order be entered by the Court.

      Very truly yours,

      BUCHALTER
      A Professional Corporation


      /s/ *Jeffrey K. Garfinkle*

cc:    Richard K. Milin, Esq.
        Tracy Klestadt, Esq.