GRIFFIN HAMERSKY LLP
420 Lexington Avenue, Suite 400
New York, NY 10170
(646) 998-5580
Richard K. Milin
Michael D. Hamersky

*Counsel for The Official Committee of Unsecured
Creditors on behalf of the bankruptcy estate of
The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                             :
                                                   :  Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                   :
COMPANY, INC., *et al.*,                           :  Case No. 15-23007 (RDD)
            Debtors.                               :
---------------------------------------------------------------x
                                                   :
The Official Committee of Unsecured Creditors on   :
behalf of the bankruptcy estate of THE GREAT       :  Adv. Proc. No. 17-08264 (RDD)
ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,    :
                                                   :
            Plaintiff,                             :
    v.                                             :
                                                   :
McKESSON CORPORATION,                              :
                                                   :
            Defendant.                             :
---------------------------------------------------------------x
                                                   :
The Official Committee of Unsecured Creditors on   :
behalf of the bankruptcy estate of THE GREAT       :  Adv. Proc. No. 17-08265 (RDD)
ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,    :
                                                   :
            Plaintiff,                             :
    v.                                             :
                                                   :
McKESSON PHARMACY SYSTEMS LLC,                     :
                                                   :
            Defendant.                             :
---------------------------------------------------------------x
                                                   :
The Official Committee of Unsecured Creditors on   :
behalf of the bankruptcy estate of THE GREAT       :  Adv. Proc. No. 17-08266 (RDD)
ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,    :
                                                   :
            Plaintiff,                             :  **NOTICE OF SERVICE OF**
    v.                                             :  **PLAINTIFF'S SUBPOENA TO**
                                                   :  **AMERISOURCEBERGEN**
McKESSON SPECIALTY CARE                            :  **CORPORATION COMMANDING**
DISTRIBUTION CORPORATION,                          :  **THE PRODUCTION OF**
                                                   :  **DOCUMENTS**
            Defendant.                             :
---------------------------------------------------------------x

# NOTICE OF SERVICE OF PLAINTIFF'S SUBPOENA
# TO AMERISOURCEBERGEN CORPORATION
# <u>COMMANDING THE PRODUCTION OF DOCUMENTS</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to rule 45(b)(4) of the Federal Rules of Civil Procedure (made applicable by rule 9016 of the Federal Rules of Bankruptcy Procedure), Plaintiff, The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company Inc., *et al.*, served the following party with a subpoena to produce documents attached as Exhibit A hereto:

| Deponent | Date of Production | Place of Deposition and/or Production |
|---|---|---|
| AmerisourceBergen Corporation | August 25, 2021<br>5:00 p.m. EST | Griffin Hamersky LLP<br>420 Lexington Avenue, Suite 400<br>New York, New York 10170 |

Dated: August 3, 2021

        GRIFFIN HAMERSKY LLP

        By: /s/ *Richard K. Milin*
        Scott A. Griffin
        Michael D. Hamersky
        Richard K. Milin
        420 Lexington Avenue, Suite 400
        New York, New York 10170
        Telephone: (646) 998-5580
        Facsimile: (646) 998-8284

        *Counsel for The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., et al.*

# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re  The Great Atlantic & Pacific Tea Company, Inc., *et al.*
       Debtor

Case No. __15-23007 (RDD)__

*(Complete if issued in an adversary proceeding)*

The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., et al.
       Plaintiff

Chapter __11__

v.

McKesson Corporation
       Defendant

Adv. Proc. No. __17-08264 (RDD)__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: AmerisourceBergen Corporation
   *(Name of person to whom the subpoena is directed)*

☐ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | Griffin Hamersky LLP<br>420 Lexington Avenue, Suite 400<br>New York, New York 10170 | DATE AND TIME<br>August 25, 2021 at 5:00 p.m. |
|---|---|---|

The deposition will be recorded by this method:

[x] *Production*: **YOU ARE COMMANDED** to produce the documents, electronically stored information, or tangible things as set forth on **THE ATTACHMENT HERETO**, and must permit inspection, copying, testing, or sampling of such documents, electronically stored information, or tangible things at the above time and place.

   The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __8/3/21__

CLERK OF COURT

                                            OR

_____      /s/ ***Richard K. Milin***
  *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., et al.__ , who issues or requests this subpoena, are: Richard K. Milin, Esq. Griffin Hamersky LLP, 420 Lexington Ave., Ste 400, New York, NY 10170 Email: rmilin@grifflegal.com Tel: (646) 998-5580

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

[x] I served the subpoena by delivering a copy to the named person as follows: *Mort Branzburg mbranzburg@klehr.com*
_____
_____ on *(date)* __8/3/21__ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __8/3/21__

_____/s/ *Katie F. Warren*_____

_____Katie F. Warren, Paralegal_____
*Printed name and title*

___420 Lexington Avenue, Suite 400, New York, New York 10170___
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT TO SUBPOENA**

1. All letters or electronic communications between AmerisourceBergen Corporation ("ABDC") and Marsh Drugs, LLC ("Marsh") during 2017 concerning Marsh's payment or credit terms, or any change in those terms.

2. All letters or electronic communications between Brenda Axe, Aubrey Flowers or Ann Miranda of ABDC and Marsh during 2017.

3. The Prime Vendor Agreement between ABDC and Marsh dated on or about October 1, 2014 (the "Prime Vendor Agreement") and the Credit Agreement between those parties executed on or about that date.

4. ABDC's "Credit and Collection Policy and Procedure Guidelines" in effect between 2015 and 2017.

5. All communications between ABDC or its counsel and Jeffrey Garfinkle, any lawyer from the Buchalter law firm, or McKesson Corporation or any of its affiliates ("McKesson") with respect to Plaintiff in this adversary proceeding, The Great Atlantic & Pacific Tea Company, Inc., *et al*. ("A&P"), Marsh, McKesson's subpoena to ABDC or the documents requested by McKesson's subpoena to ABDC.

*Note*: The foregoing document requests, and any other subpoena served in this adversary proceeding, are subject to Local Rule 26.3 of the U.S. District Court for the Southern District of New York, which is reprinted on the next page for your convenience.

Also, the terms "A&P", "Buchalter", "Marsh," "McKesson" and "ABDC" should be interpreted to include their respective officers, directors, employees, partners, corporate parent, subsidiaries and affiliates.

**Local Civil Rule 26.3. Uniform Definitions in Discovery Requests**

(a) The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms specific to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

(b) This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

(c) The following definitions apply to all discovery requests:

(1) Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.