**GRIFFIN HAMERSKY LLP**
ATTORNEYS AT LAW

August 23, 2021

**Via ECF and E-mail**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

> Re:  The Official Committee of Unsecured Creditors v. McKesson Corp. (Adv. Pro. 17-08264 (RDD));
> **The Official Committee of Unsecured Creditors v. McKesson Pharmacy Systems LLC (Adv. Pro. 17-08265 (RDD)); and**
> **The Official Committee of Unsecured Creditors v. McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266 (RDD))**

Dear Judge Drain:

On behalf of Plaintiff, the Official Committee of Unsecured Creditors of The Great Atlantic & Pacific Tea Company, Inc., we write in brief response to the letter of Defendant McKesson Corporation dated today. We continue to request the Court's assistance with discovery matters.

Defendant's letter follows its tried and true pattern: First, it requests delay, delay, delay. Second, it addresses only the issues it wants to address, and ignores the rest. Third, it misrepresents the facts.

The Court should not delay compelling Defendant to provide the discovery Plaintiff seeks for these reasons:

1. Credits and rebates have always been a part of this case, as our prior letter stated, whether or not Plaintiff's motion to amend is granted. Defendant asserted a defense of setoff in its complaint; Plaintiff is entitled to argue that Defendant's seizure of approximately $1 million of Plaintiff's property, without consent, Court permission or genuine justification, is an equitable bar to any setoff. Plaintiff is also entitled to argue that the amount Defendant seized should be set off against its 503(b)(9) claim. Notably, Defendant does not deny its inequitable conduct. Further, it does not provide the Court with the February 2016 emails which, it claims, discussed credits owed to A&P. Plaintiff has located them, and they appear to address only credits that accrued post-petition, not the credits at issue here.

2. Defendant does not address its refusals to provide discovery concerning the several other issues Plaintiff has raised other than Defendant's treatment of other struggling strategic retailers. Document production concerning Ms. Towsley, and several issues raised in our 30(b)(6) letter, are examples.

**GRIFFIN HAMERSKY** LLP
ATTORNEYS AT LAW

3. With respect to the issue of Defendant's treatment of other struggling strategic retailers, Defendant misrepresents the facts. Plaintiff has never requested documents or information about Defendant's treatment of "tens of thousands" of customers. Plaintiff's interrogatories, for example, seek documents and information only about thirteen, three of which were Defendant's customers; Defendant refused to provide them. Also, Defendant misrepresents Plaintiff's document requests as overly broad by quoting two of them without providing the extremely restrictive definition of "significant customer" those requests use: "a customer of McKesson that was managed by any of the same relationship managers as A&P, or which had four or more locations and purchased more than $50 million from McKesson in any year." In any event, Defendant's argument is disingenuous. It refused to produce documents about its treatment of *any* other customer, point blank, not just its "tens of thousands" of smaller ones.

4. Defendant suggests that Plaintiff's Amended Complaint is subject to dismissal under the UCC's 4-year statute of limitations. However, Defendant fails to mention Plaintiff's alternative claims under Section 542 of the Bankruptcy Code, or accrual, or tolling, or relation back, among other things. Plaintiff believes its claims can survive any motion to dismiss. Also, Defendant has indicated that it plans to oppose amendment because it needs more discovery, so its strategy is clear: Delay discovery now, and seek to deny amendment later because more discovery is needed which would unduly delay the trial. The Court should deny Defendant that inequitable argument.

For these reasons and those stated in our prior letter of August 20, Defendant has indeed "hidden the ball." We again ask the Court to schedule a conference to address McKesson's refusal to comply with its discovery obligations. In addition to the issues raised in Plaintiff's letter, it is now apparent that there is insufficient time for depositions. Only four days remain until our discovery cutoff, and Defendant refused Plaintiff's last proposal to schedule depositions last Thursday night and Friday without proposing a workable alternative.

It is urgent, given our current discovery cutoff of this Friday and our need to move the case forward, that the conference not be delayed – for no legitimate reason – until late September.

Respectfully,

/s/ Richard Milin

Richard K. Milin

cc: Jeffrey K. Garfinkle, Esq.
    Tracy L. Klestadt, Esq.

2

420 Lexington Avenue, 4th Floor, New York, NY 10170
Tel: 646-998-5580 l Fax: 646-998-8284 l info@grifflegal.com l www.grifflegal.com