# Buchalter

18400 VON KARMAN
AVENUE
SUITE 800
IRVINE, CA 92612
949.760.1121 PHONE
949.720.0182 FAX

File Number: M3515-0018
949.224.6254 Direct
jgarfinkle@Buchalter.com

August 28, 2021

**VIA ECF**

Honorable Robert D. Drain
United States Bankruptcy Judge
U.S. Bankruptcy Court for the District of New York
300 Quarropas Street
White Plains, NY 10601-4140

    Re:    The Official Committee of Unsecured Creditors vs.
            (i) McKesson Corp. (Adv. Pro. 17-08264);
            (ii) McKesson Pharmacy Systems, LLC  (Adv. Pro. 17-08265); and
            (iii) McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266)
            (collectively, the "Adversary Proceedings")

Dear Judge Drain:

      This letter is in reply to Plaintiff's letter of August 27.  Plaintiff's "simple, if interim, resolution" proves Defendants' fundamental point.  Plaintiff wants to proceed as if there is no need to meet and confer and that the Court has seemingly already granted its yet to be filed motion to compel.  The "resolution" suggested by Plaintiff is to grant Defendants a week, until September 3, to prepare an offer "of documents, interrogatory responses and testimony that will likely provide Plaintiff with, if not everything Plaintiff wants, at least what it needs."  In other words, under Plaintiff's suggested approach, Defendants can have a week to produce the requested documents and information without regard to any of Plaintiff's objections.

      To provide context – in lawsuits involving, at most, 50 transfers from A&P – Defendants have already provided Plaintiff with the universe of documents related to A&P, more than 700,000 documents.  And those documents were gathered together using search terms approved by Plaintiff's counsel, the hard drives of individuals approved by Plaintiff's counsel, and a time frame approved by Plaintiff's counsel.  McKesson also produced its entire A&P database (showing all transactions between McKesson and A&P).  Plus, McKesson produced a report from Consilio, the third party vendor who coordinated the search, which provided Plaintiff with every "hit."

buchalter.com

Los Angeles
Napa Valley
Orange County
Portland
Sacramento
San Diego
San Francisco
Scottsdale
Seattle

BN 46740329v1

# Buchalter

Honorable Robert D. Drain
August 28, 2021
Page 2

With that background, Plaintiff's "simple resolution" is neither simple nor a resolution that is in any way consistent with the discovery procedures. It merely continues Plaintiff's goal of requiring a duplicate production of documents without resolving any objections, no matter how reasonable and without regard to the proportionality of cost, breadth of the request, and without regard for the privacy and contractual rights of third parties. Plaintiff continues to argue Defendants should produce documents and subject individuals to submit testimony before any effort is spent to meet and confer and address any legitimate issue raised by Defendant.

Plaintiff's recent emails make its no "meet and confer" approach unambiguous. For instance:

- Plaintiff stated that before it would consider meeting and conferring, "Defendant will have to be willing to offer what we have actually requested, not just what Defendant wants to produce."[1]

- Defendants responded by noting that Plaintiff is requiring, before any effort to meet and confer that Defendants make a "concession to produce all that [Plaintiff has] requested, without regard to [Defendant's] responses or objections."[2]

- Acknowledging Defendants' position, Plaintiff then took the bizarre approach that the Court's instruction was not to meet and confer but instead just "to produce what [Plaintiff] requested on an item by item basis" without regard to the substance of the parties' discovery dispute.[3]

Another problem is that Plaintiff is not clear on what it wants. For example, in Plaintiff's 30(b)(6) letter, dated August 4, 2021, Plaintiff enumerated no less than 22 separate "topics" that are so general as to be incomprehensible. Topics include (i) "[e]ach claim and defense that any Defendant has asserted or intends to assert in an Adversary Proceeding, including any new value or ordinary course of business defense and any asserted right of setoff," (topic 1); (ii) "[e]ach Defendant's factual contentions in each Adversary Proceeding, including contentions concerning deliveries, payment, and communications and agreements with A&P." (topic 2); (iii) "[e]ach Defendant's contracts with A&P and other large or similar customers, including the provisions of those contracts with respect to (a) the customer's actual or possible financial difficulty or (b) the Defendant's right to change payment or credit terms, or (c) the customer's actual or potential failure or inability to pay any sum when due." (topic 14).

Defendant has repeatedly requested guidance from Plaintiff about these topics, most

---

[1] Mr. Milin's email of August 25, 2021 (ECF 77 in Adv. Proc. No. 17-8264 at page 13 of 25).
[2] Mr. Slate's email of August 26, 2021 (ECF 77 in Adv. Proc. No. 17-8264 at page 9 of 25).
[3] Mr. Milin's email of August 27, 2021 (ECF 77 in Adv. Proc. No. 17-8264 at page 6 of 25).

# Buchalter

Honorable Robert D. Drain
August 28, 2021
Page 3

recently by email on August 25, 2021.[4]  But again, Plaintiff has refused to engage, saying only that Plaintiff "stand[s] by our request for testimony and information in our 30(b)(6) letter."[5]

In sum, McKesson has accepted the Court's invitation to work with Plaintiff on an issue-by-issue basis and to review with Plaintiff whether certain relevant documents have not been produced.[6]  To the extent that there are reasonable documents that have not been produced, McKesson has agreed to promptly produce such documents.

The Committee's response to McKesson's good faith efforts has been clear and emphatic.  No meet and confer – just do as we demand.  McKesson submits this attitude is inconsistent with the obligations of the parties to meet and confer pursuant to the Court's instruction in its August 24 email.

Based on the foregoing, McKesson urges the Court to extend the time for discovery until September 30 in order to address the discovery issues and conclude the depositions that the parties had agreed would go forward.

We are available for a telephone conference with the Court if it believes a conference is necessary.

Very truly yours,

BUCHALTER
A Professional Corporation

/s/ Jeffrey K. Garfinkle

Jeffrey K. Garfinkle

cc:   Tracy Klestadt, Esq.
      Richard K. Milin, Esq.

---

[4] Mr. Slate's email of August 25, 2021 (ECF 77 in Adv. Proc. No. 17-8264 at page 15 of 25).
[5] Mr. Milin's email of August 25, 2021 (ECF 77 in Adv. Proc. No. 17-8264 at page 13 of 25).
[6] McKesson has gone out of its way to establish a framework to meet and confer.  See, for instance, Mr. Slate's email of August 27, 2021, attached to this reply letter as an exhibit.

BN 46740329v1

**Slate, Daniel H.**

| | |
|---|---|
| **From:** | Slate, Daniel H. |
| **Sent:** | Friday, August 27, 2021 3:27 PM |
| **To:** | Richard Milin; Michael Hamersky |
| **Cc:** | Garfinkle, Jeffrey K.; Tracy Klestadt; Winick, Steven H.; Harvey, Brian T. |
| **Subject:** | A&P Open discovery issues [IWOV-BN.FID1434304] |

Richard: We have tried to work toward coming to an understanding on the open items by identifying each and trying to address them on an item-by-item basis. For a number of reasons, that hasn't worked well. As a result, we are going to approach the differences on a thematic basis.

1. <u>What did the judge say about resolving the discovery issues?</u>
    In your paragraph 3, you say that the judge said he is extending time "for [McKesson] to produce what we requested on an item by item basis." If that were true, then there would be no need to meet and confer, as the judge would have already ruled on your yet-unfiled motion to compel. He said that "if [McKesson] wants to resolve this discovery dispute on an item-by item basis, ...I will extend the discovery cutoff date further for such an attempt to be made before the motion [to compel] is filed."

2. <u>Is McKesson prepared to provide further documents related to rebates and credits?</u>

    In the first paragraph of your point 4, you state that McKesson does "not offer a genuine response to Interrogatory 8," among others. As you will note in McKesson's objection, there are a number of structural problems with that interrogatory, including the fact that there are no fewer than 50 discrete questions (if not more) and it is premised upon an incomplete hypothetical. And then, of course, there is the fact that McKesson has already produced responsive documents.
    As referenced in my email of 6:41pm last evening, remember that McKesson strongly believes that it has provided you with the universe of documents related to A&P. We have reached out to Consilio to identify Bates numbers and you will have them when we have them. You have acknowledged that you have a number of such documents and if there are responsive documents that have not been produced, the answer to this question is: yes.

3. <u>Is McKesson prepared to provide a 30(b)(6) witness with respect to "rebates, product returns and credits?"</u>
    This is one of those areas as to which we have asked for guidance from you. You may recall that at least 5 of the "topics" you enumerated touch, to some extent or another, the question of credits, and depending on how you read them, there may be more. Take a look, for example at topics 8, 9, 11, 12 and 13.
    In our response, we thought, apparently in error, that the Committee does not trust the accounting data that McKesson has already provided to it, and that you wanted someone to attest to the thoroughness and accuracy on a systematic basis. We also thought that the Committee wanted an understanding of the policies and procedures in place with respect to rebates and credits so that you could confirm that those procedures were applied with respect to A&P.
    Since McKesson strongly believes that any and all credits, rebates etc. were managed in strict accordance with its policies and procedures, and does not believe there were any "specific misconduct in seizing the Debtor's money" (as you say in the first paragraph of your point 4), we have asked several times for guidance from you. If you can articulate a rationale that is premised upon real facts and not on false accusations, we are certainly willing to try to meet your expectations. So again, the answer to this question is: yes.

4. <u>Additional 30(b)(6) testimony.</u>

1

Remember that since the "topics" are so general and sweeping in scope, we have asked several times for guidance to help us understand what you are looking for. Remember also that we last we spoke on this, you acknowledged that you expected that the written discovery responses which McKesson had provided would address any issues related to these "topics," at least in part if not in whole. You also noted in your August 4 letter that as to a number of the "topics," the Committee wanted to defer such testimony for various reasons. With that in mind, the use of the word "if," which apparently distressed you, seems perfectly apt.

After guidance from you, to the extent there are legitimate gaps in the information flow, then it would seem that additional testimony would make sense.

5. <u>Scheduling depositions</u>.

As I have a very different recollection of the relevant events, it does not serve a useful purpose to run through the bid and ask related to scheduling the depositions of Mr. Pederson, Mr. Berk and Ms. DeVito. As I have said before, what makes sense is to schedule them on sequential days in New York. Let me know when Mr. Pederson and Ms. DeVito are available, and I will follow up with Mr. Berk.

As to your suggestion for a precondition to Ms. DeVito's deposition, specifically the production of documents "about the Medturns and the Rebate" (setting aside the mischaracterization of those events) McKesson has no objection as that precondition, since those documents have already been produced.

## Buchalter

**Daniel H. Slate**
Shareholder
T (213) 891-5444
F (213) 630-5640
dslate@buchalter.com

1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
www.buchalter.com | Bio | LinkedIn

**From:** Richard Milin <rmilin@grifflegal.com>
**Sent:** Friday, August 27, 2021 8:04 AM
**To:** Slate, Daniel H. <dslate@buchalter.com>
**Cc:** Michael Hamersky <mhamersky@grifflegal.com>; Tracy Klestadt <TKlestadt@klestadt.com>; Garfinkle, Jeffrey K. <jgarfinkle@Buchalter.com>; Winick, Steven H. <swinick@buchalter.com>; Harvey, Brian T. <bharvey@buchalter.com>
**Subject:** Re: A&P Open discovery issues [IWOV-BN.FID1434304]

This message has originated from an **External Email**. rmilin@grifflegal.com <rmilin@grifflegal.com>:

Dan:

2