**GRIFFIN HAMERSKY LLP**
ATTORNEYS AT LAW

August 29, 2021

**Via ECF and E-mail**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

      Re:    The Official Committee of Unsecured Creditors v. McKesson Corp. (Adv. Pro. 17-08264 (RDD));
The Official Committee of Unsecured Creditors v. McKesson Pharmacy Systems LLC (Adv. Pro. 17-08265 (RDD)); and
The Official Committee of Unsecured Creditors v. McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266 (RDD))

Dear Judge Drain:

On behalf of Plaintiff, we write in brief reply to Defendant's letter dated August 28, 2021.

Last Tuesday, the Court authorized Plaintiff to file a motion to compel unless Defendant was willing to resolve the issues item by item. Defendant's subsequent emails to Plaintiff and letters to Court prove that it is not. Therefore, Defendant's requests for a conference with the Court, and for a one-month extension to "confer," should be denied. Plaintiff should proceed with its motion.

Defendant's letter and email again misrepresent the facts, misconstrue the context and make no genuine offer to remedy Defendant's refusals to provide documents in response to 30 of 39 document requests, appropriate interrogatory responses, or testimony about deposition topics properly noticed under Rule (30)(b)(6). Instead, Defendant wants to Court to believe that it has already done enough, and that it simply doesn't understand Plaintiff's deposition topics, which were narrowed from 22 to 7 and further clarified in the August 4 letter which Defendant does not attach, refused to discuss before the Court's ruling and now misrepresents.

Plaintiff does not assume that the Court has "granted its … motion to compel," but only that it has granted *permission* to file one, and it should now be even clearer why a motion is necessary. Even after the motion is filed, Plaintiff welcomes any genuine offer to narrow the issues. Irrelevant, unclear, duplicative or overbroad requests do not benefit any party, but that is not the issue here.

          Respectfully,

          /s/ Richard Milin

          Richard K. Milin

cc: Jeffrey K. Garfinkle, Esq.
    Tracy L. Klestadt, Esq.