GRIFFIN HAMERSKY LLP
420 Lexington Avenue, Suite 400
New York, NY 10170
(646) 998-5580
Richard K. Milin
Michael D. Hamersky

*Counsel for The Official Committee of Unsecured
Creditors on behalf of the bankruptcy estate of
The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re:                                                            :
                                                                  :         Chapter 11
THE GREAT ATLANTIC & PACIFIC TEA                                  :
COMPANY, INC., *et al.*,                                          :         Case No. 15-23007 (RDD)
                                     Debtors.                     :
---------------------------------------------------------------------x
                                                                  :
The Official Committee of Unsecured Creditors on                  :
behalf of the bankruptcy estate of THE GREAT                      :
ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,                   :
                                                                  :
                                     Plaintiff,                   :         Adv. Proc. No. 17-08264 (RDD)
                                                                  :
          v.                                                      :
                                                                  :
McKESSON CORPORATION,                                             :
                                                                  :
                                     Defendant.                   :
---------------------------------------------------------------------x

## SUPPLEMENTAL DECLARATION OF RICHARD K. MILIN

Richard K. Milin hereby declares as follows:

1.    I am a member of the Bar of the State of New York practicing at Griffin Hamersky LLP.  I submit this Declaration based on my personal knowledge and my review of the relevant files in support of Plaintiff's Motion to For Leave to File an Amended Complaint.

2.    I attach as Exhibit 1 a copy of Plaintiff's First Set of Interrogatories and First Request for Production of Documents dated March 13, 2018.

1

In accord with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is

true and correct to the best of my knowledge, information and belief.

Executed:        New York, New York
                 September 17, 2021

                                      By: /s/ ***Richard K. Milin***
                                      Richard K. Milin

# EXHIBIT 1

Robert N. Michaelson
Rich Michaelson Magaliff, LLP
335 Madison Avenue
New York, NY 10017
646.453.7853
rmichaelson@r3mlaw.com

*Counsel to Plaintiff*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

In re:

| | |
|---|---|
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY,INC. *et al.* | Chapter 11 |
| | Case No. 15-23007 (RDD) |
| Debtors. | (Jointly Administered) |

--------------------------------------------------------------X

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | Adv. Proc. No. 17-08264 |

Plaintiff,

v.

McKESSON CORPORATION d/b/a McKESSON
DRUG CO.,

Defendant.
--------------------------------------------------------------X

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, as made

applicable to this proceeding by Rules 7026, 7033, 7034 of the Federal Rules of Bankruptcy

Procedure, The Official Committee of Unsecured Creditors on behalf of The Great Atlantic &

Pacific Tea Company, *et al.* (the "Plaintiff"), hereby requests that McKesson Corporation d/b/a

McKesson Drug Co. (the "Defendant") respond in writing and under oath to the following interrogatories, and produce and permit the inspection and copying of the documents requested below at the offices of Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017, within thirty (30) days of the date hereof, or at such other time as the parties may agree.

## DEFINITIONS

1.      The terms "you," or "your" shall mean and refer to the Defendant, and any other persons or entities acting for or on your behalf, or who are aware of, or are in the possession, custody or control of any information, document or thing for or on your behalf, together with any entities affiliated with, or owned or controlled, in whole or in part, by you.

2.      The term "Debtor" shall mean and refer to the Great Atlantic & Pacific Tea Company and any other persons or entities acting for or on the Debtor's behalf, together with any entities affiliated with, or owned or controlled, in whole or in part by the Debtor.

3.      The term "Complaint" shall mean and refer to the Complaint that was filed by the Plaintiff in this adversary proceeding.

4.      The term "Answer" shall mean and refer to the Answer of Defendant filed by you in this adversary proceeding.

5.      The term "document" shall mean and refer to the original and all drafts and copies (including copies bearing notations or marks not found on the original) of any writing or printed, graphic or electronically recorded materials of any nature whatsoever, including but not limited to, correspondence, records, reports, memoranda, notes, calendar or diary entries, letters, facsimile transmissions, envelopes, e-mails, telegrams, telexes, telephone bills, other written communications, messages (including, but not limited to, reports of telephone conversations and

conferences), studies, summaries, tabulations, analyses, printed matter, minutes, photographs, film, tapes (electronic, audio and visual), computer diskettes, data files, financial statements, contracts, agreements, other legal documents and instruments, journals, ledgers, accounting records, canceled or returned checks, manuals, orders, statements, bills, receipts, vouchers, notebooks, data sheets and records kept by any other means. In all cases where originals and/or non-identical copies are not available, the term "document" also means identical copies of original documents and copies of non-identical copies.

## **INSTRUCTIONS**

1.      In responding to these discovery requests, all responsive documents are to be produced that are in your possession, custody or control or within the possession, custody or control of your attorneys, accountants, advisors, investigators, agents, partners, employees or other representatives of you or your attorneys.

2.      The following rules of construction apply to these discovery requests:

(a)     the term "all" shall be construed to mean each or any and the term "each" or "any" shall be construed to mean all as necessary to bring within the scope of the discovery request all documents and information that might otherwise be construed to be outside of its scope;

(b)     the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents and information that might otherwise be construed to be outside of its scope;

(c)     the use of the singular form of any word includes the plural and *vice versa*;

(d)     any document request propounded in the masculine shall be read as if propounded in the feminine and *vice versa*; and

(e)     any document request propounded in the present tense shall be read as if propounded in the past tense and *vice versa*.

3.      If you claim that any of the documents requested are privileged, destroyed, or otherwise immune from discovery, state fully:

    (a)      the nature of the claimed privilege or other basis of immunity from discovery (including attorney-client, work product or any other alleged privilege); and

    (b)      the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

      (i)  the type of document;

      (ii) the general subject matter of the document;

      (iii)the date of the document;

      (iv)the number of the document, if any; and

      (v)  such other information as might be necessary to identify the document for the purposes of a subpoena *duces tecum*, including the author of the document, the addressee of the document and, where not apparent, the relationship of the author and addressee to each other.

4.      All discovery requests by the Trustee this matter are continuing.  In the event that any documents come to your attention subsequent to the serving of your responses to these discovery requests, which are responsive to any discovery requests below or which would alter or change in any way your response to any of the discovery requests below, and which were not included in your responses to the discovery requests below, such additional documents shall be furnished to attorneys for the Petitioning Creditors as soon as possible without further request.

## **INTERROGATORIES**

1.      Please identify and provide contact information for any and all persons with knowledge of the subject matter of this adversary proceeding, including, without limitation, the allegations made in the Complaint.

2.        Please identify and provide contact information for any and all persons with knowledge relating to the denials and Affirmative Defenses set forth in your Answer.

3.        Please identify and provide contact information for any and all persons who provided information or assistance in responding to these Discovery Responses.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce the following categories of documents:

1.        All documents that you intend to offer into evidence at the trial in this matter.

2.        All documents that reflect any direct or indirect transfers of money or property by the Debtor or any other business operated or owned by the Debtor, to you, on your behalf, or for your benefit, at any time since July 1, 2009.

3.        All documents that reflect any direct or indirect transfers of money or property by you to the Debtor or any other business operated or owned by the Debtor, at any time since July 1, 2009.

4.        All documents pertaining to or reflecting in any way any contracts, engagement letters, or other agreements between you and the Debtor, or any other business owned or operated by the Debtor, at any time since July 1, 2009.

5.        All documents reflecting communications between you and the Debtor, or any other business operated or owned by the Debtor, at any time since July 1, 2009.

6.      Any documents relating in any way to the Debtor's solvency at the time when any

of the transfers referenced in paragraphs 2 and 3, above, were made.

Dated: New York, New York
        March 13, 2018                    Rich Michaelson Magaliff, LLP

                                          By: /s/ Robert N. Michaelson
                                          Robert N. Michaelson
                                          335 Madison Avenue, 9th Floor
                                          New York, NY 10017
                                          646.453.7853
                                          rmichaelson@r3mlaw.com

                                          *Counsel to Plaintiff*