**GRIFFIN HAMERSKY LLP**
ATTORNEYS AT LAW

October 1, 2021

<u>Via ECF and E-mail</u>

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

      Re:    The Official Committee of Unsecured Creditors v. McKesson Corp. (Adv. Pro. 17-08264 (RDD)); The Official Committee of Unsecured Creditors v. McKesson Pharmacy Systems LLC (Adv. Pro. 17-08265 (RDD)); and The Official Committee of Unsecured Creditors v. McKesson Specialty Care Distribution Corp. (Adv. Pro. 17-08266 (RDD))

Dear Judge Drain:

    On behalf of Plaintiff, the Official Committee of Unsecured Creditors, we write in response to Defendant's letter and proposed revised order dated yesterday. Defendant's letter proposes inappropriate revisions to this Court's Order entered September 29, 2021 (the "<u>Order</u>"), which implemented and clarified the Court's bench ruling on September 20. Defendant's proposal should be rejected.

    First, Defendant seeks to add a paragraph to the Order which would expand Plaintiff's standing, and implicitly my firm's retention, to litigate Defendant's proof of claim. Those are issues that the parties have never discussed, which were not presented to the Court on September 20, and with respect to which the Debtor and other stakeholders have not been consulted. To decide those issues by Order as Defendant requests would be improper, unjust and a denial of due process. Instead, Defendant should make a proposal to Plaintiff which Plaintiff and the Debtor can address and respond to without, certainly as an initial matter, involving the Court.

    Second, Defendant seeks to add a paragraph allowing amended versions of the Debtor's claim objections to be inserted into Plaintiff's amended complaint. Once again, Defendant has never raised the issue before, the Court did not address it, and the Debtor and other stakeholders have not been consulted. There are no grounds for including this in the Court's Order, which is properly limited to the issues the parties actually addressed. At a minimum, if all parties agree that claim objections should be included in Plaintiff's complaint, Plaintiff can simply amend on consent under Fed. R. Civ. P. 15(a). Further, there is no need to mention in the Order that Defendant's defenses are preserved, because the Court's Order in no way abridges them.

    Finally, Defendant seeks to shorten Plaintiff's deadline to file an amended Complaint to one business day from today, even though the Court extended that deadline *sua sponte* in its Order. Plaintiff believes that the Court's extension was appropriate given the long unanticipated delay before the transcript of the September 20 hearing became available and the Court's clarification of its ruling in its

September 29 Order.  Also, because of an email exchange before Defendant submitted its proposed order, Defendant is well aware that Plaintiff has been relying on the Court's extended deadline, that shortening the deadline would be prejudicial to Plaintiff, and that Plaintiff expects to file its amended complaint next week despite the Court's new deadline.  The Court's deadline should not be shortened.

      For the foregoing reasons, the Court should deny Defendant's request to amend the Order.  It is an improper attempt to litigate by ambush, seeking a Court Order on issues that the parties have not even discussed.  Moreover, although Defendant complains that Plaintiff should have provided it with two days to comment on Plaintiff's proposed order, its proposed revisions do not address any of the language that Plaintiff proposed, and Defendant has now submitted its own order without specifying any period of time that Plaintiff should be allowed to review it.  In contrast, Plaintiff wrote to the Court to rectify its error six minutes after Defendant emailed about it and the Court ruled more than four hours later.

      Respectfully,

/s/ Richard Milin

Richard K. Milin

cc: Jeffrey K. Garfinkle, Esq.
    Tracy L. Klestadt, Esq.

2

420 Lexington Avenue, 4th Floor, New York, NY 10170
Tel: 646-998-5580  |  Fax: 646-998-8284  |  info@grifflegal.com  |  www.grifflegal.com