Jeffrey K. Garfinkle (admitted *pro hac vice*)
Daniel H. Slate (California State Bar No. 78173)
BUCHALTER Professional Corporation
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Fax: (949) 720-0182
jgarfinkle@buchalter.com
dslate@buchalter.com

Tracy L. Klestadt
Klestadt Winters Jureller Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Fax: (212) 972-2245
tklestadt@klestadt.com

Counsel for Defendant
McKesson Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| | |
| | Case No. 15-23007 (RDD) |
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | |
| | Jointly Administered |
| Debtors. | |
| | |
| The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.* | |
| Plaintiff | Adv. Proc. No. 17-08264 (RDD) |
| | |
| v. | |
| | |
| McKESSON CORPORATION | |
| | |
| Defendant | |

**McKESSON CORPORATION'S ANSWER TO AMENDED COMPLAINT**

Defendant McKesson Corporation, a Delaware corporation ("McKesson"), hereby answers the "Amended Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550 and Other Relief" (the "Complaint") filed by the Official Committee of Unsecured Creditors (the "Plaintiff") on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., *et al.* (collectively, the "Debtors"), and alleges as follows:

## Nature of the Action

1.      McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, on that basis, denies the allegations contained in paragraph 1.

2.      McKesson denies each and every allegation set forth in paragraphs 2 and 3 of the Complaint.

## The Parties

3.      McKesson admits the allegations contained in paragraphs 4, 5, and 6 of the Complaint.

4.      As to the allegations set forth in paragraph 7 of the Complaint, McKesson admits the Court entered an order on September 29, 2021 with the terms set forth therein. Except as so admitted, McKesson denies each and every other allegation contained in paragraph 7 of the Complaint.

5.      As to the allegations set forth in paragraph 8 of the Complaint, McKesson admits that it is a Delaware corporation.  Except as so admitted, McKesson denies each and every additional allegation contained in paragraph 8 of the Complaint.

## Jurisdiction and Venue

6.      McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 9 and 10 of the Complaint and on that basis, denies the allegations contained in paragraphs 9 and 10 of the Complaint.

7.      Paragraph 11 of the Complaint does not assert an allegation requiring a response.

## Case Background

8.      As to the allegations set forth in paragraph 12 of the Complaint, McKesson admits that the Debtors each commenced cases under chapter 11 of title 11, United States Code (the "Bankruptcy Code"), and admits, on information and belief, that no trustee or examiner has been appointed in any of the Debtors' cases.  Except as so admitted, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 12 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

9.      McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 13 and 14 of the Complaint and on that basis, denies the allegations contained in paragraphs 13 and 14 of the Complaint.

## Facts

10.     McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and on that basis, denies the allegations contained in paragraph 15 of the Complaint.

11.     As to the allegations set forth in paragraph 16 of the Complaint, McKesson admits that the Debtors made certain payments to McKesson in exchange for goods

and services provided to the Debtors, but McKesson denies that the Debtors made payments to McKesson pursuant to invoices or statements submitted by McKesson to the Debtors. Except as so admitted or as so denied, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

12. As to the allegations set forth in paragraph 17 of the Complaint, McKesson admits that it received payments during the 90 days prior to the Petition Date in the amount of $67,119,573.20 on account of goods and services provided to the Debtors. Except as so admitted, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

13. As to the allegations set forth in paragraph 18 of the Complaint, McKesson admits that as to each of the payments subject to the Complaint, McKesson has one or more defenses, and that application of the defenses reduces to zero any claim of avoidance. Except as so admitted, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

14. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, McKesson denies the allegations or lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 19 through 116 of the Complaint and, on that basis, denies each and every allegation in paragraphs 19 through 116, except as set forth below. In addition, paragraphs 60 through 75 and 107 through 115 contain allegations that are beyond the scope of this litigation. As the Court stated on December 20, 2021, "we're not going to be

litigating discovery disputes, or informal information exchanges that happened in 2016. You know, to me that's just not – that would not be an equitable defense to a recoupment. . . . So, I think we can limit this pretty effectively." For this reason and because Plaintiff grossly mischaracterizes the nature of the parties' discovery responses, McKesson also denies all the allegations contained in paragraphs 60 through 75 and 107 through 116.

    a. McKesson admits A&P and McKesson entered into a Supply Agreement dated December 6, 2012, as amended, containing the terms set forth therein.

    b. McKesson admits Erin Hughes sent an email on July 14, 2015 containing the information and documents set forth within and attached thereto, including the June 2015 rebate report.

    c. McKesson admits it forwarded to A&P on or about July 16, 2015, a check in the amount of $562,832.91.

    d. McKesson admits A&P and McKesson entered into the "Extension of Compliance with Terms of the Supply Agreement" (the "Extension") on or about September 8, 2015, containing the terms set forth therein.

    e. McKesson admits in or around November 2015 it calculated the rebates then owing under the terms of the Supply Agreement. McKesson admits it paid A&P approximately $786,000 on or about November 16, 2016. McKesson further admits it provided a breakdown of the $786,000 check, including a reference to deducting approximately $562,832 as a "June Pre-Petition payment."

    f. McKesson admits the allegations contained in paragraph 48.

g. McKesson admits on November 16, 2015, Meg Mitchell from McKesson sent an email to Tim Carnahan with A&P providing the information contained therein and attached thereto regarding a check delivered to A&P.

h. McKesson admits on November 24, 2015, Tim Carnahan sent an email to certain employees of McKesson making the statements contained therein.

i. McKesson admits it provided Plaintiff its Objections and Responses to Plaintiff's First Set of Request for Admission dated August 5, 2021 with the responses contained therein.

j. McKesson admits that from time to time, upon A&P's return of pharmaceutical products evaluated by a third party and accepted by manufacturer of the returned product, McKesson would extend to A&P credits received in accordance with the Supply Agreement.

k. McKesson admits that as of the Petition Date, there was a contingent and uncalculated credit for the return of pharmaceutical products, which was later determined to be approximately $413,000. In accordance with the Supply Agreement, that amount was credited against the amount owed by A&P on the Petition Date, as evidenced by a deduction in that amount on one of McKesson's proofs of claim.

l. McKesson admits that during the relevant time period, McKesson would inform A&P on a weekly basis of the amount of available credits. McKesson admits it would provide back-up for the calculations of the credits.

m. McKesson admits that on or around July 15, 2015, McKesson began sending A&P daily emails that specified how much A&P owed for recent deliveries, net of non-contingent credits.

n. McKesson admits that Paula Adkison wrote to Jenifer Towsley on July 21, 2015, stating that "we have some credits that pre-date the July 19th date that we need to process for the returns through our Buy Back Program. Do you want to hold the credits?" McKesson further admits that on July 28, 2015, Paula Adkison wrote Jenifer Towsley and stated "we are holding the credits pending your reply – we have approximately $400K for open credits for prior to the stated date. At this point, A&P has not deducted for the credits, or have we passed them."

o. McKesson admits that until January 31, 2016, the terms of the Supply Agreement, as modified by the Extension, were in full force and effect.

p. McKesson admits that on or about July 28, 2015, it "posted" contingent credits on its books in connection with A&P's returns. The contingent credits were not available to A&P.

q. McKesson admits that it deducted post-petition credits from amounts due by A&P post-petition, in accordance with the terms of the Supply Agreement as extended. McKesson did not deduct pre-petition credits from amounts due by A&P post-petition. McKesson further admits it credited all outstanding pre-petition credits against its unsecured claims against A&P.

r. McKesson admits the terms of the Supply Agreement were extended

pursuant to the terms of the Extension. The terms of the Extension are set forth in the September 8, 2015 executed "Extension of Compliance with Terms of the Supply Agreement."

## First Claim for Relief

15. As to the allegations set forth in paragraph 117 of the Complaint, McKesson repeats and realleges the admissions and denials in paragraphs 1 through 116, above, as though set forth in full.

16. As to the allegations set forth in paragraph 118 of the Complaint, McKesson admits that it received payments during the 90 days prior to the Petition Date in the amount of $67,119,573.20 on account of goods and services provided to the Debtors. Except as so admitted, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 118 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

17. McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 119, 120, 121, 122, 123, 124 and 125 of the Complaint and, on that basis, denies the allegations contained in paragraphs 119, 120, 121, 122, 123, 124 and 125 of the Complaint.

18. McKesson denies each and every allegation set forth in paragraph 126 of the Complaint.

## Second Claim for Relief

19. As to the allegations set forth in paragraph 127 of the Complaint, McKesson repeats and realleges the admissions and denials in paragraphs 1 through 125, above, as though set forth in full.

20.     McKesson denies knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 128 and 129 of the Complaint and on that basis, denies each and every allegation set forth in paragraphs 128 and 129 of the Complaint.

21.     As to the allegations set forth in paragraph 130 of the Complaint, McKesson admits that any alleged recovery by Plaintiff is subject to McKesson's defenses. Except as so admitted, McKesson is without knowledge or information sufficient to have a belief as to the truth of the remaining allegations in paragraph 130 of the Complaint and on that basis, denies each and every other allegation in that paragraph.

### Third Claim for Relief

22.     As to the allegations set forth in paragraph 131 of the Complaint, McKesson repeats and realleges the admissions and denials in paragraphs 1 through 129, above, as though set forth in full.

23.     Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, McKesson denies the allegations or lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 132 through 169 of the Complaint and, on that basis denies each and every allegation in paragraphs 132 through 169 except as set forth below.  In addition, paragraphs 132 through 169 seek an affirmative recovery from McKesson, which the Court has determined is beyond the scope of this litigation and Plaintiff is expressly denied the ability to seek.  As the Court stated on December 20, 2021, "But I will enter an order, or put a provision in the order denying the motion, which makes it clear that whenever the complaint asserts a judgment, that under the proviso is limited to no more than the amount of the Defendant's claim, the word 'allowed' should be put before the claim, so it's clear that, to the extent that a right of setoff would apply, it would only go to that right of setoff or recoupment, as

opposed to an affirmative recovery."  For this reason, McKesson denies all the allegations contained in paragraphs 132 through 169 except as set forth below:

    a.  McKesson admits the allegations contained in paragraphs 132 and 133.

    b.  With respect to the allegations contained in paragraphs 134 through 169 of the complaint, McKesson incorporates paragraph 14 of this answer.

    c.  McKesson admits that on November 16, 2015, McKesson representatives communicated with representatives of A&P, including writing that "[t]he regular rebates will be paid out per contract."

    d.  McKesson admits that it made a prepetition rebate payment to A&P in the approximate amount of $562,832, which McKesson later calculated was unearned and was deducted from the payment made to A&P on or about November 16, 2015.

### Fourth Claim for Relief

24.    As to the allegations set forth in paragraph 170 of the Complaint, McKesson repeats and realleges the admissions and denials in paragraphs 1 through 169, above, as though set forth in full.

25.    Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, McKesson denies the allegations or lacks knowledge or information sufficient to have a belief as to the truth of the allegations contained in paragraphs 171 through 200 of the Complaint and on that basis denies each and every allegation in paragraphs 171 through 200 except as set forth below:

    a.  McKesson admits the allegations contained in paragraphs 172-173 of the Complaint.

    b.  With respect to the allegations contained in paragraphs 174 through 200 of

the Complaint, McKesson incorporates paragraphs 14 and 23 of this answer.

**FIRST AFFIRMATIVE DEFENSE**
**<u>FAILURE TO STATE A CLAIM</u>**

McKesson alleges that the Complaint in its entirety, and each of the purported claims for relief, fails to state a claim upon which relief can be granted. On that basis, the Plaintiff is not entitled to any relief from McKesson, and the Complaint should be dismissed in its entirety.

**SECOND AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CLAIM FOR**
**<u>ATTORNEYS' FEES AND COSTS</u>**

McKesson alleges that the Complaint in its entirety, and each of the purported claims for relief, fails to state a claim for attorneys' fees and costs upon which relief can be granted. On that basis, any prayer for relief against McKesson seeking attorneys' fees and costs should be stricken in its entirety.

**THIRD AFFIRMATIVE DEFENSE**
**FAILURE TO STATE A CLAIM FOR INTEREST,**
**<u>WHETHER PRE-JUDGMENT OR POST-JUDGMENT</u>**

McKesson alleges that the Complaint in its entirety, and each of the purported claims for relief, fails to state a claim for interest, whether before or after entry of any judgment, upon which relief can be granted. On that basis, any prayer for relief against McKesson seeking interest, whether before or after any judgment, should be stricken in its entirety.

**FOURTH AFFIRMATIVE DEFENSE**
**CONTEMPORANEOUS EXCHANGE OF VALUE**
**<u>PURSUANT TO § 547(C)(1)</u>**

To the extent McKesson received a transfer from the Debtors, each such transfer was (i) intended by the Debtors and McKesson to be a contemporaneous exchange of new value given to the Debtors, and (ii) in fact a substantially contemporaneous exchange. As a result, pursuant to

section 547(c)(1) of the Bankruptcy Code, each such transfer is not avoidable, and the Plaintiff is not entitled to any relief from McKesson on account of such transfers.

## FIFTH AFFIRMATIVE DEFENSE
## PAYMENTS IN THE ORDINARY COURSE OF BUSINESS
## PURSUANT TO § 547(C)(2)

To the extent McKesson received a transfer from the Debtors, each such transfer was in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and McKesson and made in the ordinary course of business or financial affairs of the Debtors and McKesson.  As a result, pursuant to section 547(c)(2) of the Bankruptcy Code, each such transfer is not avoidable, and the Plaintiff is not entitled to any relief from McKesson on account of such transfers.

## SIXTH AFFIRMATIVE DEFENSE
## NEW VALUE PURSUANT TO § 547(C)(4)

To the extent McKesson received a transfer from the Debtors, after such each transfer, McKesson gave new value to or for the benefit of the Debtors.  As a result, pursuant to section 547(c)(4) of the Bankruptcy Code, each such transfer is not avoidable, and the Plaintiff is not entitled to any relief from McKesson on account of such transfers.

## SEVENTH AFFIRMATIVE DEFENSE
## OFFSET

As of the date the Debtors commenced the bankruptcy cases (the "Petition Date"), as a result of goods sold and delivered to the Debtors by McKesson during the twenty days prior to the Petition Date, the Debtors are indebted or may become indebted to McKesson, as an administrative expense under section 503(b)(9) of the Bankruptcy Code, for the value of the goods delivered to the Debtors during those twenty days.  Further, to the extent McKesson provided goods or services to the Debtors after the Petition Date as to which payment has not

been received, the Debtors are indebted to McKesson as an administrative expense for the value of the goods and services provided to the Debtors after the Petition Date.

To the extent the Court determines that as a result of the claims asserted by the Plaintiff, McKesson is indebted to the Debtors, then, in equity, the mutual debts, including those set forth in paragraph 23 of this answer, should offset one against the other, and any judgment should be the amount remaining after netting the two claims.

## EIGHTH AFFIRMATIVE DEFENSE
### RECOUPMENT

The transfers alleged by the Plaintiff to be avoidable were each part of a singular, unified supply relationship agreed to by the Debtors and McKesson before the Petition Date.  Under the terms of that relationship, McKesson provided goods and services to the Debtors and the Debtors paid for such goods and services periodically and in accordance with the terms of the agreed-upon supply relationship.

To the extent the Court determines that as a result of the claims asserted by the Plaintiff, McKesson is indebted to the Debtors, then, in equity, McKesson is entitled to recoup the value of goods and services as to which the Debtors have not paid.

## NINTH AFFIRMATIVE DEFENSE
### ADMINISTRATIVE EXPENSE

As of the Petition Date, as a result of goods sold and delivered to the Debtors by McKesson during the twenty days prior to the Petition Date, the Debtors are indebted or may become indebted to McKesson, as an administrative expense under section 503(b)(9) of the Bankruptcy Code, for the value of the goods delivered to the Debtors during those twenty days.

WHEREFORE, defendant McKesson demands the following relief:

(a) Dismissal of the Complaint in its entirety, and each of alleged claim for relief, with prejudice and with costs; and

(b) Such other and further relief as the Court may deem just and proper.

DATED: January 11, 2022

BUCHALTER
A Professional Corporation

By: /s/ *Jeffrey K. Garfinkle*
Jeffrey K. Garfinkle, Esq.
(Cal Bar. No. 153496; admitted *pro hac vice*)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
Fax: (949) 720-0182
jgarfinkle@buchalter.com

Attorneys for MCKESSON CORPORATION