GRIFFIN HAMERSKY LLP
420 Lexington Avenue, Suite 400
New York, NY 10170
(646) 998-5580
Richard K. Milin
Michael D. Hamersky

*Counsel for The Official Committee of Unsecured
Creditors on behalf of the bankruptcy estate of
The Great Atlantic & Pacific Tea Company, Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | : | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| THE GREAT ATLANTIC & PACIFIC TEA | : | |
| COMPANY, INC., *et al.*, | : | Case No. 15-23007 (lgb) |
| Debtors. | : | |

------------------------------------------------------------------------x
| | : | |
|---|---|---|
| The Official Committee of Unsecured Creditors on | : | |
| behalf of the bankruptcy estate of THE GREAT | : | |
| ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*, | : | |
| | : | Adv. Proc. No. 17-08264 (lgb) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| McKESSON CORPORATION, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------------------x

**PLAINTIFF'S OPPOSITION TO McKESSON CORPORATION'S**
**MOTION TO STRIKE PORTIONS OF THE DECLARATION OF DAWN DeVITO**

i

**Table of Contents**

**PRELIMINARY STATEMENT** ...............................................................................................1

**COUNTER-STATEMENT OF FACTS** ..................................................................................1

**ARGUMENT** ...........................................................................................................................2

    Defendant's Motion to Strike Is Baseless ............................................................................2

        A.  *Defendant Misconstrues Plaintiff's Evidentiary Burden* ..........................................2

        B.  *Ms. DeVito's Statements of Opinion Are Admissible under the Applicable Rules.*..3

        C.  *Ms. DeVito's Statements of Purported Hearsay, or which Purportedly "Lack Foundation," Are Admissible under the Applicable Rules.* .......................................6

**CONCLUSION** ........................................................................................................................9

## Table of Authorities

**Cases**

*Baity v. Kralik*, 51 F. Supp. 3d 414 (S.D.N.Y. 2014) ................................................................... 2

*DiStiso v. Cook*, 691 F.3d 226 (2d Cir. 2012) .............................................................................. 2

*Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999) ..................................................................... 3

*Peters v. Molloy College of Rockville Centre*, Case No. CV 07-2553 (DRH)(ETB), 2010 WL
3170528 (E.D.N.Y. Aug. 10, 2010) ......................................................................................... 3

**Rules**

Fed R. Civ. P. 26(a) ................................................................................................................. 3, 4

Fed. R. Civ. P. 56(c) ............................................................................................................ 2, 3, 5

Fed. R. Evid. 701 .................................................................................................................... 4, 5

Fed. R. Evid. 801(c) ..................................................................................................................... 7

Fed. R. Evid. 801(d) ..................................................................................................................... 8

The Official Committee of Unsecured Creditors (the <u>Committee</u>" or "<u>Plaintiff</u>") on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc. (the "<u>Debtor</u>"), by and through its special conflicts counsel, Griffin Hamersky LLP (the ("<u>Griffin Firm</u>"), respectfully submits this Opposition to McKesson Corporation's ("<u>McKesson</u>" or "<u>Defendant</u>") Motion to Strike Portions of the Declaration of Dawn DeVito (the "Motion to Strike"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

Defendant's Motion to Strike portions of the Declaration of Dawn DeVito is baseless and procedurally inappropriate. Defendant cites no authority allowing it to make its motion only two full business days before oral argument, and it has no such right. In fact, Defendant's Motion to Strike does not cite a single case or Federal Rule, except to misrepresent, without quoting, F.R.E. 701 and Fed. R. Civ. P. 26(a)(2).

If the Court is tempted to consider Defendant's motion, Plaintiff requests that it set an appropriate schedule so that Plaintiff will have time to offer a complete response. However, for the reasons set forth below, the Court should instead summarily deny Defendant's inaccurate, inappropriate and unsupported "Motion to Strike".

## COUNTER-STATEMENT OF FACTS

The actual facts concerning Ms. DeVito's involvement with Defendant are stated in her Declaration. Further, Ms. DeVito's statements do not go beyond her personal experience or review of the facts. In defending the admissibility of Ms. Towsley's statements, Defendant states:

> Plaintiff challenges Ms. Towsley's testimony because not all of her statements are based on her personal knowledge. Ms. Towsley is an officer of McKesson Corporation and one of the custodians of its books and records. The facts set forth in her declaration are expressly based upon her personal knowledge or based upon her review of McKesson's books, records and files.

(Def. Reply, Adv. Pro. Dkt. No. 134 at 8.)

1

Ms. DeVito is identically situated with respect to the Debtor: she is an officer, and a custodian of its books and records, and her declaration is "expressly based upon her personal knowledge or based upon her review of [the Debtor's] books, records and files."

Plaintiff has never informed Defendant that Ms. DeVito would never provide what may be considered expert opinions in response to a summary judgment motion or for trial. Plaintiff identified its *retained* experts and provided reports from them. Also, Ms. DeVito has been deposed.

Defendant attaches what it claims are communications between Plaintiff's counsel and Defendant's counsel. Those communications, however, are partial, out of context, and not presented to the Court in evidentiary form, because they are not annexed to a declaration. The communications also do not actually state what Defendant claims they state. *See* Motion to Strike notes 1 and 2. They refer only to the scheduling of the deposition of one of Plaintiff's two experts.

## ARGUMENT
**Defendant's Motion to Strike Is Baseless**

A. *Defendant Misconstrues Plaintiff's Evidentiary Burden*

Defendant's Motion is based on the incorrect premise that Plaintiff must oppose summary judgment based entirely on admissible evidence. Federal Rule of Civil Procedure 56 is expressly to the contrary. The Rule states that Defendant has the burden of showing that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To sustain its burden, Defendant must rely on admissible evidence. *See, e.g., DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014).

However, a party showing that a fact "is genuinely disputed" is not required to rely on admissible evidence alone. It can sustain its burden merely by "showing that the materials cited do not establish the absence … of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." Fed. R. Civ. P. 56(c).  Important sections of Ms. DeVito's Declaration that Defendant seeks to strike – such as her discussion of Defendant's $127,692.46 in unproven deliveries – do not require admissible evidence, but only a demonstration that Defendant has not shown the absence of a genuine dispute.  *Id.*  Further, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999) (internal quotations omitted).

In any event, there is no need for the Court to make a formal determination whether to "strike" any portion of Ms. DeVito's Declaration, even if the Court determines that it is insufficiently supported: " a court may, in considering a motion for summary judgment, simply decline to consider those aspects of a supporting affidavit that do not appear to be based on personal knowledge or are otherwise inadmissible." *Peters v. Molloy College of Rockville Centre*, Case No. CV 07-2553 (DRH)(ETB), 2010 WL 3170528, at *2 (E.D.N.Y. Aug. 10, 2010) (quoting *Flaherty v. Filardi*, No. 03 Civ. 2167, 2007 WL 163112, at *4 (S.D.N.Y. Jan. 24, 2007) (quoting *Doe v. Nat'l Bd. Of Podiatric Med. Examiners*, No. 03 Civ. 4034, 2004 WL 912599, at *4 (S.D.N.Y. Apr. 29, 2004)) (additional citations omitted)).  Plaintiff has already requested, and again requests, that the Court decline to consider portions of Defendant's Declarations that "do not appear to be based on personal knowledge or are otherwise inadmissible."

    B. *Ms. DeVito's Statements of Opinion Are Admissible under the Applicable Rules.*

Ms. DeVito's Declaration fully complies with the applicable Federal Rules.  Among other things, Defendant's statement that Plaintiff was required to designate Ms. DeVito as an expert under Federal Rule of Civil Procedure 26(a)(2)(A), which Defendant does not quote or discuss, is incorrect. *See* Motion to Strike at 3.  Rule 26(a)(2)(A) expressly concerns only witnesses a party "may use at trial," and therefore does not apply here.

Further, even for witnesses who may be used at trial, Rule 26 requires expert reports and related disclosure only "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Ms. DeVito is not employed to provide expert testimony and does not regularly do so. And of course, a motion for summary judgment is not "testimony in the case." *Id.* Thus, nothing in Rule 26(a)(2)(B) required Ms. DeVito to submit expert disclosure.

In addition, to the extent that Fed. R. Civ. P. 26(a)(2)(C) would require Ms. DeVito to submit disclosure in order to rebut Mr. Berk's Declaration at trial, her Declaration fully satisfies both the timing and content requirements of that rule: it summarizes the facts and opinions to which she is expected to testify within 30 days of Mr. Berk's Declaration. *See* Fed. R. Civ. P. 26(a)(2)(C)-(D). Accordingly, we reserve the right to present Ms. DeVito's testimony at trial for that purpose.

In any event, Ms. DeVito's Declaration states her opinions as her **beliefs** in her capacity as Plaintiff's accountant and Responsible Officer, not as formal expert opinions that she asks the Court to adopt as a basis for denying Defendant's motions for summary judgment. She reserves the right to present the facts and beliefs she states as expert opinions at trial, but at this point, doing so is unnecessary.

Further, there is simply no question that Ms. DeVito can properly testify to "lay" opinions under Federal Rule of Evidence 701. Rule 701 provides that "lay" opinions are admissible so long as they are "rationally based on the witness's perception," "helpful to clearly understand the witness's testimony or to determining a fact in issue" and are not based on specialized knowledge within the scope of Rule 702. When Ms. DeVito states, for example, her "non-lawyer's accountant's view," that is exactly what she is doing. Her full statement is: "In my non-lawyer accountant's view, withholding more than $134,000 from the Debtor based on a non-consensual and factually unjustified estimate was improper. Further, Defendant's actions appear to be a clear

4

violation of the automatic stay." DeVito makes this statement at page 5 of her Declaration, and Defendant seeks to strike it in its Motion to Strike at page 3. Yet, Ms. DeVito clearly is not asking the Court to agree simply because Ms. DeVito is an expert accountant. Delete the word "accountant," and her point is the same.

Similarly, Defendant asks the Court to strike Ms. DeVito's statement that, "[a]s an accountant, I believe Defendant's unilateral deduction of $22,918.39 from its payment to the Debtor without consent or adequate documentation was improper." Yet Ms. DeVito's phrase "as an accountant" does not convert her statement of **belief** into an expert opinion. The Court may or may not agree with Ms. DeVito, but there are no proper grounds for striking her explanation of her position, which is followed by a recitation of the relevant facts.

Thus, the Court can rely on Ms. DeVito's opinions either as expert opinions, because Federal Rule of Civil Procedure 26(a)(2) does not apply, or as "lay opinions" under Federal Rule of Evidence 701, to the extent that they (1) explain Ms. DeVito's testimony, or (2) help the Court "determin[e] a fact in issue." *See* F.R.E. 701. Also, in accord with Fed. R. Civ. P. 56, the Court can rely on Ms. DeVito's opinions to the extent that they indicate that Defendant has failed to prove a disputed fact that is material to its Motions for Summary Judgment. For example, Defendant offers no case law, expert opinion, evidence or support of any kind for its position that its invoices, without proof of delivery, suffice to prove that Plaintiff owes it $127,692.46 as a matter of law. Ms. DeVito does not need to testify as a formal expert to point out that Defendant has failed to satisfy its burden of proof.

For these reasons, the Court should deny Defendant's Motion to Strike as to any of Ms. DeVito's opinions as baseless and unsubstantiated. The Court should also reject Defendant's conclusory objections to Paragraphs 6, 9, 11, 15, 22-23, 26-27, 30-34, 39 and 46-47 for the same

reasons. Defendant's entire Motion to Strike is based on misunderstandings and misapplications of Rules it neither quotes nor analyzes, and it should be denied forthwith.

    C. *Ms. DeVito's Statements of Purported Hearsay, or which Purportedly "Lack Foundation," Are Admissible under the Applicable Rules.*

Defendant's argument that sections of Ms. DeVito's Declaration should be stricken as hearsay is equally baseless. Defendant does not cite any of the Rules of Evidence concerning hearsay even once, let alone apply any of those Rules to the facts.

Defendant repeatedly misdescribes the sections of Ms. DeVito's Declaration it asks the Court to strike. *See* Motion to Strike at 5-6. For example, Ms. DeVito does not "surmise that Ben Zimmerman created a secret account" in paragraphs 69-70 of her Declaration. Also, paragraph 74 does not discuss "communications from Plaintiff's counsel to McKesson counsel," let alone show that Ms. DeVito "does…not have personal knowledge of these communications."

To the extent Defendant meant to refer to paragraph 73, it states that "Plaintiff's counsel asked Defendant's counsel this question by email on March 29, 2022, and Defendant responded by discontinuing discussions concerning the amount of Defendant's 503(b)(9) Claim." That statement is firmly based on personal knowledge: As the Debtor's Responsible Officer, Ms. DeVito was well aware both of communications between counsel and whether discussions concerning the amount of Defendant's 503(b)(9) Claim were taking place. More specifically, Ms. DeVito had actually quoted the March 29 email from Plaintiff's counsel at length in paragraph 24 – providing documentary proof of the first half of Ms. DeVito's sentence – and she indicated that she received that email at the time, establishing her personal knowledge. Defendant's motion to strike is simply not based on the facts.

Further, Defendant's long Exhibit A, which lists objections to Ms. DeVito's statements as purportedly hearsay or lacking in foundation, is replete with errors that Plaintiff cannot be expected

6

to identify in detail in the two business days Defendant provided prior to the parties' hearing. To the extent that the Court may be inclined to agree with any of Defendant's objections – which are entirely conclusory and unsubstantiated – Plaintiff asks to be granted time to respond.

At a minimum, Plaintiff notes the following:

1. Defendant objects to Ms. DeVito's statement in paragraph 10 that "The Debtor's CFO Tim Carnahan reached out to Defendant personally to obtain the information necessary to reconcile its claim, but Defendant did not provide it," as hearsay and lacking in foundation. In fact, Ms. DeVito makes clear in the next paragraph that she is relying on her own recollection, confirmed by Mr. Carnahan, and on communications between Defendant and Mr. Carnahan which she reviewed. She also quotes and attaches one of those communications as Exhibit 4. In any event, the "hearsay" objection is inappropriate because it misunderstands the nature of "hearsay": Ms. DeVito is describing the parties' *actions*, not offering out of court statements for the "**truth of the matter asserted**." See F.R.E. 801(c)(2) (defining "hearsay").

2. Defendant objects to Ms. DeVito's statement in paragraph 11 that "The Debtor never agreed with Defendant on a reconciliation of Defendant's 503(b)(9) Claim." That is not hearsay, lacking in foundation or an improper opinion as Defendant asserts. It is a statement of the fact based on Ms. DeVito's investigation, which she describes as including review of documents and consulting Mr. Carnahan, and does not offer an out of court statement for its truth.

3. Defendant objects to Ms. DeVito's statements in paragraphs 12-14 that a payment was made in response to "multiple requests from Mr. Carnahan," that Mr. Carnahan "continued to seek payments from Defendant until June 2016," and that he "was in regular contact with Defendant's officers through June 2016." To each statement, Defendant objects: "Hearsay; Lack of Foundation." Yet, once again, Defendant misunderstands "hearsay": those statements do not offer out of court statements for their truth. Also, the statements do not lack foundation – they are based, as Ms. DeVito's Declaration states, on review of communications between the parties. Further, Ms. DeVito provides evidence by attaching Mr. Carnahan's email requesting payment of about $1.5 million

7

in March 2016 as Exhibit 4, as well as Defendant's response as Exhibit 13, and states multiple times that Defendant did not make its last payment to the Debtor until June 2016. The documents alone establish Ms. DeVito's point.

4. Defendant objects to Ms. DeVito's statement in paragraph 15 that "Defendant has not cooperated with the Debtor in taking steps toward reconciliation" as hearsay. It is actually based on Ms. DeVito's personal experience from 2019 to the present as set forth, with quotations from appropriate documents, in paragraphs 10-25 of her Declaration. And again, it is ***not*** hearsay.

5. Defendant objects to Ms. DeVito's statement in paragraph 22 that "Instead, [Defendant's 30(b)(6) witnesses] testified from written summaries that, Plaintiff's counsel discovered, Defendant's counsel prepared to serve as the basis for their testimony." In fact, Ms. DeVito has been provided with the deposition transcripts which record that fact. If the Court requests, Plaintiff will gladly provide them.

6. Defendant objects to Ms. DeVito's statement in paragraph 27 that, "[i]n some cases, Defendant deducted money from sums it owed to the Debtor, and recorded a corresponding credit on its books, without explaining its actions to the Debtor." According to Defendant, that statement is hearsay, lacking in foundation and an "improper opinion." In fact, it is a factual statement based on the documentary record, and particularly on emails which are not hearsay because they are statements by Defendant, "an opposing party." *See* F.R.E. 801(d)(2). For example, Ms. DeVito quotes Exhibit 3, an email which shows Defendant deducting money from sums it owed to the Debtor, adding that "Plaintiff has not located any additional material information about the deduction." (*See* DeVito Decl. ¶¶ 106-07.) Ms. DeVito also quotes Defendant's non-hearsay admission that it was deducting the "$134k Credit" from sums it owed to the Debtor, though that is a deduction Defendant explained, but did not justify, to Mr. Carnahan. (*See id.* ¶¶ 92-104, Exs. 2, 16.) In addition, Ms. DeVito's statement about the credits on Defendant's books are based on her personal evaluation of those books, which contain non-hearsay statements by an opposing party.

8

For these reasons, the Court should deny Defendant's Motion to Strike as baseless and unsubstantiated. Ms. DeVito was not required to submit an expert report under Fed. R. Civ. P. 26; Defendant fails to show that the opinions she states in her Declaration would be inadmissible under F.R.E. 701 or 702; and Defendant repeatedly objects to "hearsay" without even an elementary understanding of that term.

The truth is that Ms. DeVito is a careful, cautious C.P.A. who has worked for the Debtor for seven years and is now its Responsible Officer. She double-checked her statements in her Declaration and does not lack foundation for those statements. Perhaps the most significant fact about Defendant's Motion is that, for all of its complaining about hearsay and lack of foundation – meaning in ordinary English that Ms. DeVito did not actually know what she was talking about – it does not show that Ms. DeVito was wrong even once. Defendant's entire Motion to Strike is based on a misunderstanding or misrepresentation of Rules it neither quotes nor analyzes, and it should be denied forthwith.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Defendant's Motion to Strike in all respects.

Dated: May 17, 2022

        GRIFFIN HAMERSKY LLP

        By: /s/ *Richard K. Milin*
        Scott A. Griffin
        Michael D. Hamersky
        Richard K. Milin
        420 Lexington Avenue, Suite 400
        New York, New York 10170
        rmilin@grifflegal.com
        Telephone: (646) 998-5580
        Facsimile: (646) 998-8284

*Counsel for The Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc., et al.*